Marshall, Ch. J.,
delivered the opinion of the court. — These suits were decided in the court of the United States for the second circuit and southern district of New York, in May term 1830. At the trial, the court gave opinions on several points of law, which were noted at the time, and a right to except to them reserved. According to the practice in New York, bills of exception were prepared by counsel in vacation, and tendered to the circuit judge for his signature. The bills comprehend not only the points of law *123 made at the trial, hut the entire charge to the jury. The judge corrected the hills- by striking out his charge to the jury. This motion is *made for a writ of mandamus “to be directed to the circuit court of the *- United States for the southern district of New York, in the second circuit,[1] commanding the said circuit court to review its settlement of the proposed bills of exceptions,” “ and to correct, settle, allow and insert, in the said bills,. the charge delivered to the said jury in each case, or the substance thereof.”
A doubt has been suggested, respecting the power of the court to issue this writ. The question was not discussed at the bar, but has been considered by the judges. It is proper that it should be settled, and the opinion of the court announced. We have determined, that the power exists. Without going extensively into this subject, we think it proper to state, briefly, the foundation of our opinion. In England, the writ of mandamus is defined to be,a command issuing in the king’s name, from the court of king’s bench, and directed to any person, corporation or inferior court of judicature, within the king’s dominions, requiring them to do some particular thing therein specified, which appertains to their office or duty, and which the court of king’s bench has previously determined, or at least supposes, to be consonant to right and justice. Blackstone adds, “that it issues to the judges of any inferior court, commanding them to do justice, according to the powers of their office, whenever the same is delayed. For it is the peculiar business of the court of king’s bench to superintend all other inferior tribunals, and therein to enforce the due exercise of those judicial or ministerial powers with which the crown or legislature have invested them ; and this, not only by restraining their excesses, but also by quickening their negligence, and obviating their denial of justice.” 3 Bl. Com. 110.’
It is, we think, apparent, that this definition, and this description of the purposes to which it is applicable by the court of king’s bench, as supervising the conduct of all inferior tribunals, extends to the case of a refusal by an inferior court to sign a bill of exceptions, when it is an act which “ appertains to their office and duty,” and which the court of king’s bench supposes “to be consonant to right and justice.” Yet we do not find a case in which the writ has issued from that *court. It has rarely issued from any court; but there are instances of its being sued out of the court of *- chancery, and its form is given in the register. It is a mandatory writ, commanding the judge to seal it, if the fact alleged be truly stated : “ si ita est.”
There is some difficulty in accounting for the fact, that no mandamus has ever issued from the court of king’s bench, directing the justice of an inferior court to sign a bill of exceptions. As the court of chancery was the great officina brevium of the kingdom, and the language of the statute of Westm. II. was understood as requiring the king’s writ to the justice, the application to that court for the writ might be supposed proper. In 1 Sch. & Lef. *75, the chancellor superseded a writ which had been issued by the cursitor, on application ; declaring that it could be granted only by order of the court. He appears, however, to have entertained no doubt of his power to awrard the writ, on motion. Although the course seems to have been to *124 apply to tlie chancellor, it has never been determined that a mandamus to sign a bill of exceptions may not bo granted by the court of king’s bench.
It is said by counsel, in argument, in Bridgman v. Holt, Show. P. C. 122, that by the statute of Westm. II., c. 31, in case the judge refuses, then a writ to command him, which is to issue out of chancery, quod apponat sigülum suum. The party grieved by denial, may have a writ upon the statute, commanding the same to be done, &c. “That the law is thus, seems plain, though no precedent can be shown for such a writ : it is only for this reason, because no judge did ever refuse to seal a bill of exceptions ; and none was ever refused, because none was ever tendered like this, so artificial and groundless.”
The judiciary act, § 13, enacts, that the supreme court shall have power to issue writs of prohibition to the district courts, when proceeding as courts of admiralty and maritime jurisdiction ; and writs of mandamus, in cases warranted by the principles and usages of law, to any courts appointed, or persons holding offices under the authority of the United States. A mandamus to an officer is held to be the exercise of original jurisdiction ; but a mandam-us to an inferior court of the United States, is in the nature of aPPe^ate jurisdiction. *A bill of exceptions is a mode of placing the -I law of the case on a record, which is to be brought before this court by a writ of error.
That a mandamus to sign a bill of exceptions is “ warranted by the principles and usages of law,” is, we think, satisfactorily proved by the fact, that it is given in England by statute ; for the writ given by the statute of Westm. II., is so, in fact, and is so termed in the books. The judiciary act speaks of usages of law generally, not merely of common law. In England, it is awarded by the chancellor ; but in the United States, it is conferred expressly on this court, which exercises both common law and chancery powers ; is invested witli appellate power, and exercises extensive control overall the courts of the United States. We cannot perceive a reason, why the single case of a refusal by an inferior court to sign a bill of exceptions, and thus to place the law of the case on the record, should be withdrawn from that general power to issue writs of mandamus to inferior courts, which is conferred by statute.
In New York, where a statute éxists, similar to that of Westm. II., an application was made to the supreme court for a mandatnus to an inferior court to amend a bill of exceptions, according to the truth of the case. The court treated the special writ given by the statute as a mandamus, and declared, that it was so considered in England ; and added, that “ though no instance appears of such a writ issuing out of the king’s bench, where an inferior court refused to seal a bill of exceptions, there is no case denying to that court the power to award the writ.” “ It ought to be used, where the law has established no specific remedy, and where in justice and good government there ought to be one.” “ There is no reason why the awarding of ■this particular writ does not fall within the jurisdiction of this court, or why it should be exclusively confined to the court of chancery.” In the opinion, then, of the very respectable court, which decided the motion made for a mandamus, in Sikes v. Ransom, 6 Johns. 279, the supreme court of New York possesses the power to issue this writ, in virtue of its general superintendence of inferior tribunals. The judiciary act confers the power *125 expressly on this court. No other tribunal exists by which it can be exercised.
*We proceed to the inquiry, whether a proper case has been made out, on which the writ ought to be issued ? The affidavit of Mr. l Bronson, the attorney for the defendants in the circuit court, is the evidence on which the motion is to be sustained. He says, “ that the suits were tried, on a full understanding, that each party was to be considered as excepting to any decision or opinion of the said court which he might desire to review on a writ of error, whether such exception was formally announced at the trial or not; and it was also fully understood, in the event of verdicts for the plaintiff, that the deponent would, after the trials, prepare bills of exception, and carry the cases by writs of error to the supreme court of the United States.” The charge of the judge was formally excepted to, in one of the cases, before the jury left the bar. In the case of Nathaniel Crane, the counsel for each party submitted certain written points or questions of law for the decision of the court, which were decided ; after which, the presiding judge delivered a charge to the jury, in which he went at large into the law and facts of the case. In the case of Samuel Kelly, the counsel for the defendant submitted certain legal questions, growing out of the facts of the ease, and requested the court to decide them, before the cause should be argued to the jury ; to the end, that he might know what questions would be left to the jury. This was not done, and the cause was argued ; after which, the court delivered its opinion on the said questions of law, and then the presiding judge delivered a charge on the law and facts of the case. That, in each case, the decision of the proposed points of law consisted, as to most of the questions, in giving an affirmative or negative answer to the propositions ; but in the charge subsequently delivered in each case, the judge went at large into the law of the cases, and commented upon it to an extent and in a manner much more likely to impress the minds of the jury, than in the brief answers previously given. That in the judgment of the deponent, the remarks of the judge in his charge, did, in effect, present the law of the case to the jury, differently from what it had been given to them in answer to some of the points submitted ; and in such a manner that a full and fair review of the judgments of the circuit court cannot be had, without putting the charge in each case upon the "“record. He, there- p fore, in each case, inserted the substance of the charge in the bill of *- exceptions. That in the charge, the remarks of the judge upon the law and facts of each case wore so blended, that the deponent did not, and does not, believe it practicable, to separate the remarks upon the law from those upon the facts of the case, in such a manner as to give the defendants a full and fair opportunity to review the judgments of the circuit court.
The bills of exceptions, which had been offered, in December, to the presiding judge for his signature, were returned ; the whole of the charge in each case being stricken out. The subject was again brought before the judge, who returned the following answer to the application.
“ Dear Sir : — I have read the letter you put into my hands this morning, which you had received from Mr. Bronson, in relation to the bills of exceptions in the Astor causes. The charge, as contained in the bills of exception, was stricken out, in conformity to what I understand to be the rule laid down in the supreme court in the case of Carver. It purports to *126 set out at length the whole charge (how far this is correctly done, I do not stop to inquire), which I understand the supreme court to say is a practice they decidedly disapprove. There can be no doubt, that a party is entitled to his exception, if he sees fit to take one, upon every question of law stated to the jury. I have not the bill of exceptions, now before me. I am not aware of any question of law arising upon the charge, which is not embraced within some one of the points specifically submitted to the court, and upon which the court gave an opinion ; all which are contained in the bill of exceptions. If this is not the case, and it is pointed out, it ought to be added to the bill of exceptions, and I will again' look at it. But the exception must be confined to some matter of law.”
The counsel for the defendants still insisted that the whole scope and bearing of the charge, rather than any particular expression in it, tended to lead the jury to a different result from what they would have been likely to attain from the law, as laid down in answer to the points made at the bar. He designed to complain, that, “ though it may not in terms have departed from the instructions given in answer to those points, yet it did so in effect.” *iq'7l *^e judg'e still refusing to sign the bill of exceptions containing the -* whole charge, this motion is made.
The affidavit of Mr. Lord, counsel for the plaintiff in the circuit court, is also exhibited. He states the proceedings at the trial. The counsel for the defendants requested the opinion of the court on various propositions of law, “ and the court did, then and there, in presence of the jury and of counsel, pronounce distinctly its opinion and decision upon every such proposition after which the judge proceeded to charge the jury on the evidence. After the conclusion of his remarks, in the case against Crane, some discussion arose between the defendants’ counsel and the court, in presence of the jury, in which some passages of the charge appearing not to have been rightly understood by the defendants’ counsel, or not to have been clearly stated, the court again stated to the jury its charge on the points thus stated anew. The bills of exception, prepared by the counsel for the defendants, were submitted to- the deponent, as counsel for the plaintiff, who objected to the insertion of the charge, and stated his reasons for the objection. The counsel on both sides attended the judge, who said, “that he considered that which in the bills of exceptions is called the charge, and which purports to contain all the remarks of the judge on the evidence, improper to be inserted in the bills of exception, and not permitted by law or the practice of the court; that it was incumbent on the party excepting, to specify the matters of law complained of, and that if anything could be specified, which was not expressed in the decisions aforesaid, of the points submitted (which decisions are stated in the bills of exception), he would allow the same to be exerted in the bills of exception ; but if that were not done, he should allow the amendment of the plaintiff, and the statement called the charge, to be stricken out.”
The judge then was willing to allow exceptions to his opinions on the questions of law which were made in the cause. He was also willing to sign exceptions to any matter of law advanced by him to the jury, which ' was not contained in the points reserved at the trial. The counsel for the *1 os! defendants insisted on spreading the whole charge upon the record. -* *It appears to be customary in New York, as in several other *127 states, for the judge, after the arguments are closed, to sum up the evidence at length to the jury, and to state the law applicable to facts ; leaving it to the jury, however, to decide what facts that evidence proved. Such a charge must necessarily consist chiefly of a compendium of the testimony. To spread the charge upon the record, is to bring before the appellate court the view taken by the judge of the testimony given to the jury. If any law was mixed with this summary of evidence, the right of either party to except is admitted. The question is, whether an exception is allowable, which brings before the superior court so much of the charge as relates to evidence ?
In Carver's Case, 4 Pet. 80, this court said, “ we take this occasion to express our decided disapprobation of the practice (which seems of late to have gained ground) of bringing the charge of the court below, at length, before this court for review. It is an unauthorized practice, and extremely inconvenient both to the inferior and to the appellate court. With the charge of the court to the jury, upon mere matters of fact, and with its commentaries upon the weight of evidence, this court has nothing to do. Observations of that nature are understood to be addressed to the jury, merely for their consideration, as the ultimate judges of matters of fact; and are entitled to no more weight or importance, than the jury, in the exercise of their own judgment, choose to give them. They neither are, nor are they understood to be, binding upon them, as the true and conclusive exposition of the evidence. If, indeed, in the summing up, the court should mistake the law, that justly furnishes a ground foían exception ; but the exception should be strictly confined to that misstatement ; and by being made known at the moment, would often enable the court to correct an erroneous expression, or to explain or qualify it in such a manner as to make it wholly unexceptionable, or perfectly distinct. We trust, therefore, that this court will hereafter be spared the necessity of examining the general bearing of such charges.” After such an expression of the opinion of this court, it could not be expected, that a judge, on his circuit, would so ^utterly disregard it, as to allow an exception to .... his whole charge. If, however, the opinion be unsupported by lawr, it ought to be reconsidered and reversed.
■ At common law, a writ of error lay for error in law, apparent on the record, but not for an error in law, not apparent on the record. If a party alleged any matter of law at the trial, and was overruled by the judge, he was without redress, the error not appearing on the record. 2 Inst. 42. To remedy this evil, the statute was passed, which gives the bill of exceptions. It is to correct an error in law. . Blackstone, speaking of this subject, says, “ and if either in his directions or decisions, he (the judge) mistakes the law, by ignorance, inadvertence or design, the counsel on either side may require him publicly to seal a bill of exceptions, stating the point wherein he is supposed to err.” “This bill of exceptions is in the nature of an appeal.” 2 Bl. Com. 372. It is also stated in the books, that a bill of exceptions ought to be upon some point of law, either in admitting or denying evidence, or a challenge on some matter of law, arising upon a fact not denied, in which either party is overruled by the court. A bill of exceptions is not to draw the whole matter into examination again ; it is only for a single point, and the truth of it can never be doubted, after the bill is sealed. The judges in *128 Bridgman v. Molt, speaking of evidence to be left to a jury, say, but no bill of exceptions will lie, in such a case, by the statute, when the evidence is admitted and left to the jury. Show. P. C. 120 ; Bull. N. P. 316 ; Bac. Abr., tit. Bill of Exceptions. If an exception may be taken in such form as to bring the whole charge of the judge before the court, a charge in which he not only states the results of law from the facts, but sums up all the evidence, the exception will not be on a single point; it will not bring up some matter of law arising upon a fact not denied ; it .will draw the whole matter into examination again.
The affidavit in support of the motion gives us the strongest reason for the course the mover has pursued, that the remarks of the judge upon the law and facts were so blended, that it was believed to be impracticable to separate the remarks upon the law from' those upon the facts of the *2001 case,, in such a *manner as to give the defendants a full and fair J opportunity to review the judgment of the circuit court. The difficulty, then, which appeared to the counsel to be insurmountable, must be overcome by this court. We must perform the impracticable task of separating the remarks on the law from those on the facts of the case, and thus draw the whole matter into examination again. The'inconvenience of this practice has been seriously felt and has been seriously disapproved. We think it irregular and improper. The motion is denied.

 See Ex parte United States, 16 Wall. 699 ; Ex parte Newman, 14 Id. 152.