Baldwin, J.
In this case it does not appear, from the record, that the judge of the circuit court erred in refusing to grant a new trial. The most that can be said, is that he erred in refusing to make it appear upon the record, whether his decision upon the motion for a new trial was right or wrong. And yet we are asked to reverse his judgment and set aside the verdict of the jury, though for aught that appears to the contrary they were perfectly correct. It is obvious that such a course in the administration of justice would be extremely unjust and unwise, and that the remedy, which the law ought to provide, is the correction of the record, so as to afford the means of ascertaining, whether the decision of the judge refusing a new trial was right or wrong, and not the reversal of that decision whether right or wrong. What is the law upon this subject ?
At common law no writ of error lay for an error in law not appearing upon the face of the record, and therefore, where a party alleged any thing ore terms, which was overruled by the judge, this could not be assigned for error, and so the party was without remedy. The law was amended in this respect by the stat. of West. 2, 13 Ed. 1, c. 31, which provides that, “ when one impleaded before any of the justices, alLeges an exception, praying they will allow it, and if they will not, and he that alleges the exception, writes the same, and requires the justices will put to their seals, the justices shall so do ; and if one will not another shall; and. if upon complaint made of the justices, the king cause the record to come before him, and the exception be not found in the roll, and the plaintiff’ shew the written exception, with the seal of the justices thereto put, the justice shall he commanded to appear at a certain day, either to confess or deny his seal; and if he cannot deny his *334 seal, they shall proceed to judgment according to the exception, as it ought to be allowed or disallowed.” 1 Bac. Ab. Bill of Excepts.; 2 Inst. 426.
It will be seen that the purposes of this statute are, 1. To make it the duty of the justices to seal the exceptions, if truly stated; 2. To provide for the verification of the seals of the justices, and so make the exception a part of the record; 3. To require the appellate court to act upon the question, and reverse or affirm the judgment.
By the English practice the second purpose of the statute is accomplished as follows: The bill of exceptions contains the statements necessary to present the question; and is either tacked to the record, in which case it sets out the proceedings after issue joined; or is not tacked to the record, and in that case sets out the whole of the proceedings previous to the trial. When the bill of exceptions is sealed, a writ of error is brought to remove the proceedings into the court above. Upon the return of the writ of error, the judge is summoned by a writ, sometimes called a scire facias ad cognoscendum scriptum, to appear personally and confess or deny his seal. If he appears and confesses his seal, then the proper entry is made upon the issue roll, and becomes a part of the record. If the judge deny his seal, the plaintiff in error may take issue thereupon, and prove it by witnesses. 2 Tidd’s Pract. 788, 789, 791 ; 1 Archd. Pract. 210, 211; 1 Bac. Ab. Bill of Excpts. In Money &c. v. Leach, 3 Burr. 1692, this writ was issued by the chief justice of the king’s bench, directed to the chief justice of the court of common pleas, who, in obedience thereto, appeared in the former court, confessed his seal, and immediately retired. This proceeding to verify the seals of the justices, has in practice become obsolete in Virginia, inasmuch as the judge, when he seals the exception, always directs it to be made a part of the record, and it goes up to the appellate court with the other proceedings in the cause.
*335 The first purpose of the statute requiring the judges, in a proper case, to seal a bul oi exceptions, is accomplished in a different manner. If the judges refuse to sign a bill of exceptions, the party grieved may have a writ grounded upon the statute, commanding them to put their seals juxta formam statute. 2 Inst. 427. This writ contains a surmise of an exception taken and overruled, and commands the justices that, if it be so, they put their seals; upon which, if it be returned quod non ila est, an action lies for a false return, and thereupon the surmise will be tried, and if found to be so, damages will be given; and upon such recovery there issues a peremptory writ. 2 Tidd’s Pract. 790. The form of the writ may be found in Reg. Brev. 182.
The third purpose of the statute, the reversal or affirmance of the judgment, is effected by a writ of error, either after the verification of the seals of the justices, or their having been compelled to seal the bill of exceptions.
There is no conflict of authority as to the proper mode of proceeding, in order to verify the seals of the justices, or to compel them to sign a bill of exceptions: and there is no where to be found in the books, that I am apprised of, the slightest intimation of the idea, that a judgment may be reversed upon a bill of exceptions to the refusal of the judge to afford the means of shewing upon the record, whether he has decided a question of law correctly or incorrectly.
But the English books are extremely meager in regard to the court, which ought to exercise the jurisdiction of compelling the justices to sign a bill of exceptions. It seems that the writ has in a few instances issued out of the court of chancery, probably as the great oficina breviwn; and no example can be found of its having been awarded by the court of king’s bench; and yet there would seem to be no good reason why it should not be sued out of that court.
*336 In Sikes v. Ransom, 6 John. 279, the writ was regarded as a writ of mandamus, and it was held there, by the supreme court of New York, that it might, in a proper casé, be awarded by that court to the judges of a court of common pleas; under its general superintendence of all inferior courts, and its obligation to enforce obedience to the statutes, and to compel subordinate courts and magistrates to do those acts which it is their duty to do—a general jurisdiction which is of the like nature with that of the court of king’s bench.
In Ex parte Crane, 5 Peters 190, the supreme court of the United States was of opinion, that the writ is to be considered a mandamus, which the court of king’s bench would have the power to award, under its general superintending control over inferior tribunals; and that jurisdiction to award it, was vested in the supreme court of the United States, by the 13th section of the judicial act, which gives to that court power to issue writs of mandamus, in cases warranted by the principles and usages of law, to any courts appointed, or persons holding offices under the authority of the United States. The court further said, “A. mandamus to an officer, is held to be the exercise of original jurisdiction ; but a mandam/us to an inferior court of the United States, is in the nature of appellate jurisdiction. A bill of exceptions is a mode of placing the law of the case on the record, which is to be brought before this court by a writ of error.”
In Virginia, this statute of West. 2, has been adopted in terms into our code, with some alterations that have a bearing upon the subject of jurisdiction. The English statute begins, “ When one impleaded before any of the justicesours, “ When one impleaded in any court in any cause where appeal, writ of error or supersedeas lies to a higher court.” The English statute directs that, “ upon complaint made of the justices, if the king cause the record to be brought before him” &c.: ours, *337 that, “ if such higher court, upon complaint made of . . . _ the said justices” &c. It is clear from our statute, by its express provision, that the writ of which it speaks, is to issue from that appellate court which would have immediate jurisdiction, by appeal, writ of error or supersedeas, if the question of law to be reviewed, had appeared, according to the course of the common law, upon the face of the record. Now it is true that the writ designated in the statute is the scire facias ad cognoscendum scrip turn, where the exception is alleged to have been sealed by the justices. But it is equally true that the statute makes it the duty of the justices to affix their seals, if the exception be truly stated; and that it is incumbent upon the judicial authority to frame a writ founded upon the statute, to compel the performance of this duty.
This task devolves upon the court of appeals, by the act of 1778, 1 R. C. ch. 64, $ 23, p. 195, which provides that the judges of the court of appeals shall direct the form of writs, from time to time, as they shall deem advisable. Now, in the discharge of this duty, it cannot escape the judges, that the legislature must be presumed to have known the reasonable and wholesome construction which had been given to the English statute, in compelling the justices to affix their seals, if the exception be truly stated: And that, the legislature having directed the writ ad cognoscendum scripium, for the verification of the seals, to be issued by the appellate court, it would be an unreasonable inference that the mandatory writ to compel the sealing of the exceptions, was in the contemplation of the legislature to be issued by some other tribunal having no appellate jurisdiction over the judgment. And if this be so, though the jurisdiction of the court of appeals is for the most part appellate, and it has no general jurisdiction to issue writs of mandamus, yet jurisdiction as to this particular writ is conferred by our statute, taken from the statute *338 of Westm. 2, and whether it he regarded as incidental to the appellate jurisdiction of the court, or as part of the original jurisdiction contemplated by the act for its organization, 1 R. C. ch. 64, § 2, p. 190, “ in suits originating there, or adjourned thither for trial, by virtue of any statute,” is wholly immaterial.
I think, therefore, that if the judge had erred in refusing to sign a bill of exceptions to his decision overruling the motion for a new trial, the party complaining has mistaken his remedy. I am further of opinion that the judge did not err in refusing the bill of exceptions.
An appeal does not lie from the verdict of a jury, and consequently there can be no propriety in spreading the evidence on which the jury acted upon the record. The court has the discretionary power, on consideration of all the circumstances of the case, to grant a new trial. But, by the principles of the English law, it is by no means clear -that the exercise of this discretion, in the one way or the other, can be revised in an appellate forum. “ A bill of exceptions, ought to be upon some point of law, either in admitting or denying evidence, or a challenge, or some matter of law arising upon a fact not denied, in which either party is overruled by the court. It is not to draw the whole matter into examination again; but is only for a single point.” 1 Bac. Abr. Bill of Excepts. The jury, it is true, may have' erred in a conclusion of law from the evidence, or in the application of the law to the evidence; but in such cases the party has had an opportunity of obtaining an instruction from the court to the jury in regard to the law, or of withdrawing the whole case from, the jury by a demurrer to the evidence. Still the judge, if dissatisfied with the verdict, may grant a new trial; but if he concurs with the jury in their finding, is the whole case for that reason, to be drawn into an appellate court by a writ of error ? Or is the same consequence to follow if he is dissatisfied with the verdict, and grants a *339 new trial, upon which the finding of the jury conforms to his opinion ?
In England, new trials are granted by the court in bank, upon a trial at bar, or on the report of the evidence by the judge who tried the cause at nisi prius. “ If the judge, who tried the cause, declare himself satisfied with the verdict, it hath been usual not to grant a new trial on account of its being against evidence. On the other hand, if he declare himself dissatisfied with the verdict, it is pretty much a matter of course to grant it.” Bul. Ni. Pri. 327. But there is no trace in the English books, so far as I have observed, of a writ of error, founded upon a bill of exceptions, to the decision of the court below, granting or refusing a new trial. And the established doctrine of the supreme court of the United States, is the other way.
In Virginia, however, it is well settled that a judgment may be reversed upon a writ of error, where the court below has improperly refused or granted a new trial j and I do not mean to question the policy and wisdom of that doctrine as a part of our jurisprudence. But it is obvious that it must be confined to cases brought up upon a bill of exceptions, stating the facts as admitted, or as proved to the satisfaction of the judge who presided at the trial. If this were not so, and the whole evidence given before the jury is to be spread upon the record, and discussed in the appellate court, then there would in effect be an appeal from the verdict of the jury; for the merits of the judge’s decision for or against a new trial would necessarily involve the merits of the verdict upon the evidence. The whole credit and weight, as well as legal effect, of the evidence would thus be referred to the appellate court.
It is the legal effect, and not the credit and weight of the evidence, upon which the appellate court is to act in deciding whether the court below ought to have granted or refused a new trial. The question as to the egal effect of the evidence, (that is to say, its effect to *340 determine the issue one way or the other, as upon a demurrer to evidence,) does not arise until the facts proved by the evidence have been first ascertained. To ascertain them, on a motion for a new trial, is the proper function of the bill of exceptions to the decision of the court below upon that motion. The bill of exceptions must ascertain them; for, if in regard to the whole or any material part of the case, it states conflicting evidence, instead of facts, or states a case which the jury and the presiding judge may have decided upon the credit and weight due to witnesses, instead of the legal effect of the evidence, the appellate court will not review the decision of the court below. This I take to be the principle of Bennett v. Hardaway, 6 Munf. 125, which has been uniformly recognized since ; though several cases have been decided by this court in regard to its proper application, which need not be noticed here.
It is not the duty of the judge, who presides at the trial, to sign a bill of exceptions not confined to the legal effect of the evidence, and which, therefore, will not be considered by the appellate court. On the contrary, it is his duty to refuse to sign it. Nor is it his duty, if satisfied with the verdict, to place himself in the situation of the jury, weigh the conflicting evidence, and scan the credit of the witnesses; and thus forcing his mind, without respect to the opinion of the jury, to a conclusion as to the facts proved on the trial, to state them in a bill of exceptions. In acting thus, he would invade the province of the jury, the proper triers of the credit and weight of testimony, whose decision is entitled to respect, and ought not to be disturbed unless in a case of plain deviation. Ross v. Overton, 3 Call 309; Shanks & M’Rae v. Fenwick, 2 Munf. 478.
It is enough for the judge to perceive that the case does not turn upon the legal effect, but upon the credit and weight of the evidence, and, therefore, is not proper for the consideration of the appellate court, nor consequently for a bill of exceptions. This I take to be *341 the principle of Brooks v. Calloway, 12 Leigh 466. There the evidence was conflicting, and the jury having found a verdict for the plaintiff, the defendant moved the court for a new trial, on the ground that the verdict was not warranted by the evidence. The court was satisfied with the verdict, and overruled the motion. The defendant tendered a statement of the facts proved at the trial, and prayed the court to certify it, or to correct it if imperfect, and to certify the true state of the facts proved. This the court refused to do, because the evidence in the cause was conflicting, and it was the province of the jury to judge of its credit. And this court held, that the court below did not err in refusing to certify the facts proved.
The case before us, cannot be distinguished from the one last cited. Here it appears, from the judge’s statement, that there was conflicting evidence, and that the cause turned upon the credit and weight due to the witnesses, and not upon the sufficiency of the facts proved to maintain the plaintiff’s action. If this were even doubtful, it could avail the plaintiff nothing. We are not to conjecture that a judge has improperly refused to sign a bill of exceptions; but that must be made manifest. It was not only competent for him to decide whether the case was a proper one for a bill of exceptions, but it was his duty to decide it; and there is nothing in this record to shew that he has decided it erroneously. A judge’s power over the subject, it is true, is not unlimited. If arbitrarily, and in contempt of the statute, he refuses to sign a proper bill of exceptions, the party aggrieved may proceed against him in the mode already indicated, by mandatory process; and then the truth of his grounds for refusal, may be enquired into in an action brought for that purpose. If, from any cause, that remedy be not available, it can furnish no reason for maintaining a writ of error.
I think the judgment ought to be affirmed.
*342 Allen, J.
Before the statute of Westminster 2, a writ of error lay for an error in law apparent within the record; or for an error in fact, alleging matter without the record, as the death of either party before judgment. But where an exception was alleged at the bar, ore terms, and was overruled, this could not be alleged for error, because it did not appear in the record, nor was it an error in fact, and the party aggrieved was without remedy. 2 Inst. 426. The statute of Westminster 2, provided a remedy by requiring justices to seal a bill of exceptions. No difficulty occurs in practice under this statute, when the exception is taken to any opinion of the court given upon questions occurring during the trial: such opinion is usually confined to one isolated proposition, which can be clearly presented in a bill of exceptions. But, it has been extended with us to the decision of a court in overruling or granting a motion for a new trial. The correctness of such a decision can only be ascertained, when the appellate tribunal acts with all the lights which the inferior court possessed. A certificate of the testimony cannot give such information, for the appellate court has no means of deciding upon its credibility. It was, therefore, determined in Bennett v. Hardaway, 6 Munf. 125, that the certificate must state, not the evidence, but the facts proved. Otherwise the appellate court will not consider the exception, but affirm the judgment, as was done in that case. But a question frequently arises, whether the court below is compelled to give such certificate in every case, where a motion for a new trial is made and overruled. It is a maxim as old as the common law, that the judge is to respond to questions of law, and the jury to questions of fact: and from the decision of the jury on questions of fact, no writ of error lies,. In conformity with this maxim, it would, as it seems to me, have been proper to confine the appellate jurisdiction to cases, where the motion for a new trial was made on the ground, that the *343 verdict was contrary to the law, arising upon the facts appearing in evidence before the jury. But the decisions are understood to have gone farther, and to establish that the opinion of the court below may be reviewed, where the application is made on the ground that the verdict is contrary to the weight of evidence. Under the last head it seems to be supposed in practice, that the opinion of the court below on every motion for a new trial is liable to revision; and that by merely changing the phraseology so as to make the certificate read, that a witness “ proved,” instead of that he “ deposed as followsthe exception is brought within the principle of Bennett v. Hardaway. The credit of the witnesses may be unimpeached, but different witnesses may depose to conflicting facts, and the weight to which their testimony is entitled, may depend upon various circumstances, of which an appellate tribunal knows nothing. If it attempts to act upon such a certificate, it necessarily exercises appellate jurisdiction from the decision of the jury, and that upon the matter most appropriate for their decision, the credit of the witnesses and the weight of their testimony. It then becomes necessary to enquire, upon what grounds an opinion of the court on a motion for a new trial, may be reviewed. When they are discovered, the duty of the court in regard to such bills will be ascertained.
And first, whenever it is alleged the verdict is contrary to the law arising upon the facts proved, the party is entitled to his exception. He makes his motion, conceding the facts, or setting them out as proved, but denies that, in law, they prove the issue. The case under consideration may serve to illustrate this: It is an action on a promissory note. Suppose the only fact in issue was the making of the note, and that the plaintiff attempted to shew it had been made and signed by an agent, with authority to bind the principal in this transaction ; and, for that purpose, proved facts establishing *344 an agency of some kind. There the question would be, -whether the facts shewed an agent, with authority to bind the principal. This would present for consideration, the legal effect of the evidence alone, and no question could arise upon the mere weight of evidence.
But in the second place, the party may be unable to adduce any direct proof of the fact in issue, but is compelled to rely upon other facts, from which the matter in issue might or might not be inferred. As, for instance, in the case already supposed, of an attempt to shew the making of the promissory note by an agent; the plaintiff may not be able to adduce any direct proof of agency, but relies upon various acts tending to prove the fact of agency. This would be a case not upon the legal effect of the evidence, but upon its weight. Not what judgment the law would pronounce upon this ulterior fact, to be or not to be inferred; but whether the facts actually proved, justify the inference of this ulterior fact on which the issue turns. The case of Carrington v. Bennett, 1 Leigh 340, was of this kind. The defendant pleaded that the bond sued on, was given on a gaming consideration. There was no question as to the judgment of the law upon the fact in issue. But there was no direct evidence of the gaming, and the jury found against the defence. The bill of exceptions to the refusal of the court to grant a new trial, set out, as the majority of this court thought, the facts actually proved. And the court being of opinion that the proper inference from the facts proved, had not been drawn by the jury, the judgment was reversed, and a new trial awarded. Where, therefore, a motion for a new trial is made, upon the ground that the jury have or have not inferred the fact in issue from other facts conceded or proved; the opinion of the court upon such a motion may be reviewed, and it is a proper case for a bill of exceptions.
*345 A third case occurs, where both propositions may bo presented. The fact in issue, though not proved, may or may not be inferred; and when so inferred, a question may arise as to its legal effect. As in the two illustrations already given, a question upon the weight of evidence tending to prove an agency, and the legal effect of such agency, if proper to be inferred from the facts proved, may arise.
In all the instances above alluded to, the opinion of the inferior court may, according to the course of decisions in this court, be reviewed, and without much hazard of doing injustice.
But there is still a fourth class of cases, where, as it seems to me, the decision of the court below and jury cannot be reviewed. Wherever the evidence is conflicting, and the result one way or the other depends on the credit given to the testimony, the decision must be final. In the case already referred to for illustration, suppose the only question in issue to be the making of the promissory note, and that depends on the proof of the handwriting ; the witnesses may differ in their testimony, or may be unworthy of credit, or from their standing in society, or pursuits, may on a question of that kind, be differently estimated. As the jury determines the fact one way or the other, the controversy is settled. In such cases, an appellate court cannot act advisedly upon the evidence; and if the judge who heard it, is called upon to certify the fact, concurring as he does with the jury, what can he certify but that the fact in issue was or was not proved ? And if so, the verdict must have been right. Wherever, therefore, the evidence is conflicting, and a motion for a new trial is made upon the ground that the jury have arrived at an erroneous conclusion upon it, the application, from the necessity of the case, must be confined to the tribunal which heard the witnesses, and the decision upon it cannot be reviewed. Such was the case of Brooks v. Calloway, 12 Leigh 466; and such, according to the certificate *346 of the judge, appears to have been this case, for there is nothing upon the face of the bill of exceptions shewing the grounds of the motion for a new trial, and the judge certifies it was a case of conflicting testimony. This certificate must be received as true; and so considering it, the decision of the court cannot be reviewed, and therefore there could be no obligation on the judge to sign a bill of exceptions. I think there was no error in refusing to sign a bill of exceptions in such a case, and that the judgment should be affirmed. As this case is decided by a bare court, I have not deemed it necessary to consider the question, what would be the remedy of the party aggrieved, if the judge refused to sign a bill of exceptions in a proper case. It is not necessary to decide it here, and as the question is one of great interest in practice, I should prefer postponing it until we can have the aid of a full court, and the benefit, of an argument on the very point.
Cabell, P.
In this case, the verdict of the jury was approved by the judge who presided over the trial; and as it was rendered on conflicting testimony, the judge, according to the case of Brooks v. Calloway, 12 Leigh 466, was under no obligation to spread on the record, the facts which he regarded as proved by the evidence. On this ground, distinctly presented by the record, I am of opinion to affirm the judgment.
As to the other interesting and important questions which have been discussed, they do not appear to me to be presented by the case before us; and even if they were presented, it cannot be, now, necessary to decide them, since all of us concur in affirming the judgment, on the ground above stated. I shall, therefore, forbear to express any opinion concerning them, until they shall be properly presented for consideration, in some future case, in which I hope we shall have the aid of the other judges, who have been prevented from sitting on the present occasion.