## NUTTING v. HERBERT.

In an action to recover damages for the breach of covenants of seizin and good right to convey, the measure of damages is the consideration paid, and interest thereon; and nominal damages only can be recovered where no consideration was in fact paid for the premises described, because the parties knew and understood they were not to pass by the conveyance, and they were only included in the description through mistake and inadvertence.

Where, in such action, the defence is, that no consideration was paid for the premises described in the deed as to which a breach of covenants is claimed, the principal question for the jury is, whether any and what consideration was actually paid for the premises in controversy, and to this all others are collateral and incidental.

Possession is not conclusive constructive notice of title in the tenant, as between him and the purchaser, but may be rebutted; much more, as between the purchaser and his grantor.

Where certain premises are conveyed for a given price, the legal presumption is that some portion of that price was paid and received for every portion of the described premises, and the burden of proof is upon the party who undertakes to rebut and control that presumption.

A party cannot take advantage of his own conduct in the management of his cause before the jury, to avoid a verdict against himself.

Remarks and suggestions of the court, in submitting a cause to the jury, appropriate to the positions of counsel, demanded by the circumstances of the case, and not calculated to prejudice the rights of the party against whom a verdict is returned, furnish no ground for setting aside that verdict.

COVENANT BROKEN, which had been transferred to the Supreme Judicial Court, and certain questions of law arising therein settled, as reported in 33 N. H. 120. The case before transferred, and upon which said decision was made, is referred to as part of this case, for a statement of facts and for descriptions in deeds. The only question remaining to be settled was, the amount of damages which the defendant should pay the plaintiff, and the plaintiff elected to try this question by jury.

Nutting *v.* Herbert.

The plaintiff claimed, and offered evidence tending to show, that he understood, at the time of his purchase, that he was buying and paying for the whole premises contained in the deed. He also introduced evidence to show that Merrill paid $125.00 for the premises in controversy, in 1849, and sold them to Collins in 1854 for the same sum. There was some evidence as to the quantity and quality of the land, and the kind and condition of the buildings upon the premises in dispute.

In regard to the land and buildings purchased by the plaintiff, aside from the Merrill place, there was in evidence before the jury the description, in the defendant's deed, of the premises to the plaintiff, and a plan, or chalk mark, showing, on paper, how the farm was situated, by whose land and by what other objects bounded, how it laid on Baker's river, how the highways run, and how they divided the premises, and the location of the buildings, but did not show distances or quantity of land. Said plan also showed the situation of the Merrill place. The plaintiff also showed what the actual consideration paid by him for his purchase was. One of the jurymen was from Rumney, and objection was made to him by the plaintiff, that he was, and had been for many years, a neighbor of the defendant, and that he knew all about the plaintiff's purchase, and that from his position he had probably heard the case talked of, and formed some opinion upon its merits. The defendant stated that if the juryman had formed an opinion, or was in any way legally disqualified, he had no wish to have him sit in the case, but that the fact of the juror's knowing all about the premises could not be urged as an objection to his sitting in the case; that there were some others upon the jury who had seen the premises, as they had passed by them, and might know something of them; and that instead of this being a ground of objection to these jurors, they would be the better able to judge of the facts submitted

to them, on account of their personal knowledge in the premises. Upon examining the juror it appeared that he had formed no opinion upon the merits of the case, and he was allowed to sit upon the trial of the cause. In their arguments the counsel, upon one side or the other, or both, and that without objection from any quarter, asked the jury, in deciding the questions submitted to them, not only to consider the testimony then introduced, but also to consider and weigh all the facts relating to the premises which were within the personal knowledge of the jury or any of them.

The defendant claimed, and introduced evidence tending to show, that at the time he sold to the plaintiff and executed the deed upon which this suit is brought, it was distinctly understood and known by the plaintiff that the Merrill place was not included in his purchase; that the plaintiff did not understand that he was buying that place, and that he paid nothing for it, and that it was a mistake —an act of mere inadvertence—in not specifically excepting and reserving this Merrill place in the deed.

It was shown that the plaintiff knew that Merrill was in possession of the house on the premises in dispute, at the time of his, the plaintiff's, purchase, and that the plaintiff did not at that time go to view these buildings, and that said Merrill, in 1854, sold these premises to one Collins, who moved upon said premises with the knowledge of the plaintiff, and who had occupied them ever since, and that the plaintiff had never called on said Collins for any rent, or notified or requested said Collins to quit said premises.

The defendant asked the court to instruct the jury :

That there was no evidence in the case, competent to be submitted to the jury, upon which they could assess damages (other than nominal) in the case :

That the possession of the Merrill place being in Merrill at the time of the plaintiff's purchase, and the plaintiff

having knowledge of that fact, this was sufficient evidence of notice to the plaintiff that Merrill had a deed, and that it must be presumed the plaintiff knew his title to the premises in controversy:

That the acts of the plaintiff, after his purchase, by allowing the Collins family to purchase the Merrill place, and move upon it, and occupy it to the present time, all with the plaintiff's knowledge, and without any objection or any claim of rent on the part of the plaintiff, were a bar to this action, or at least to the recovery of any thing more than nominal damages:

That the deed from the defendant to the plaintiff shows that the defendant intended to convey only what he owned of the premises surrounded by the description in his deed; and that, this being so, after the introduction of said deed in evidence, the burden of proof was upon the plaintiff, and that, upon the evidence of the deed only, the plaintiff could only recover nominal damages.

Which the court declined to do, but did instruct the jury:

That if the question had been properly raised as to the burden of proof and the legal presumption arising from the deed, the court would have been of the opinion that there would be a presumption of the payment of some consideration by the plaintiff, (in the absence of all other evidence but the deed,) for all the premises that the deed conveyed to him; but that, as this question had not been raised until all the evidence had been put in on both sides, it was not of importance for the jury to consider it; but that they would weigh all the evidence before them, the deed as well as all the rest, and decide this question according to the preponderance of the evidence; that the measure of damages which the plaintiff was entitled to recover in this case was the amount which the plaintiff paid the defendant for these Merrill premises in controversy, and interest thereon to that time; that if they

should find that no consideration was paid for them, for the reason that it was known and understood by the parties that they were not to pass in the conveyance, and that said premises were in fact included in the deed by mistake or through inadvertence, then their verdict would be for the plaintiff for nominal damages only.

But if they should find that the defendant bought and paid for these Merrill premises, with the rest of his purchase, and understood that he was having a good deed of these premises, as well as of the rest which the deed describes, then they might find, upon all the evidence before them, how much the plaintiff paid for the premises in controversy, and allow him that sum, with interest, as damages.

In declining to instruct the jury as requested by the defendant, according to his second and third requests, as they herein before appear, the court stated to the jury that in their opinion such could not be the law, and, in illustrating their views, said to the jury substantially as follows: That, supposing the foreman, or any other gentleman upon the jury, were purchasing a piece of land of some one, and paying a fair equivalent for it, and a third person were in possession of the land, there would be no necessary presumption of law, arising from that fact alone, that the person purchasing knew the person in possession to be the owner, or that the person purchasing knew all about the title to the premises, as the purchaser might have inquired of the grantor in relation to it, and have received such information from him as would explain the adverse possession, and show it not to be inconsistent with the grantor's title; or, even supposing the purchaser knew that there was a controversy about the title, and that some other man even claimed the land, yet if the grantor was willing to give him a good warrantee deed of it, the purchaser might, if he knew the grantor to be perfectly responsible, be willing to take it

and pay for it, and rely upon his warranty to recover damages should his grantor's title fail, and that he would not thereby be estopped from recovering such damages; and that, under such circumstances, the purchaser might not consider it necessary for him to investigate his grantor's title, but be willing to rely, and might safely do so, upon his warranty.

The defendant here requested the court to instruct the jury, that there was no evidence before them tending to show that in the present case the plaintiff made any such inquiries of the defendant about the title, or that the defendant gave any information whatever in regard to the title of the Merrill place, to the plaintiff. Whereupon the court remarked to the jury that the court did not recollect as there was any evidence in the present case tending to show that the plaintiff made any such inquiries of the defendant, or that the defendant made any statement or representations to the plaintiff concerning the title of any part of the plaintiff's purchase, but that if the jury recollected any that tended to show how that fact was, they might consider it, and weigh it as they thought it deserved. But that they might, for the purposes of this case, take the law to be as stated by the court in their instructions to the jury, and find the facts accordingly upon the preponderance of the evidence.

The jury returned a verdict for the plaintiff for $129.50; which the defendant moves the court to set aside for supposed errors in the rulings and instructions of the court, and because the court did not instruct the jury as requested by him.

It is ordered that the questions of law arising upon the foregoing case be reserved and assigned to the Supreme Judicial Court for determination.

*Herbert*, for the defendant.

*Flint & Bryant*, for the plaintiff.

FOWLER, J. It was settled by this court in a former
case, transferred in the same suit between these parties
[*Nutting* v. *Herbert*, 35 N. H. 120] that the description in
the defendant's deed to the plaintiff included the Merrill
place as part of the premises conveyed; that, although
parol evidence to contradict or vary the terms of the deed,
by showing that part of the premises included within the
description was intended to be excepted from the grant,
could not be received to avoid a technical breach of cove-
nants; yet, upon the question of damages in a suit for a
breach of the covenants of seizin and good right to con-
vey, it was competent to receive evidence to show that
nothing had in fact been paid for a portion of the premises
described in the deed, because it was known and under-
stood by the parties that this portion was not to pass by
the conveyance, as it had been previously sold by the
grantor, and was only included in the description through
error, mistake and inadvertence; and that, if the jury
should find no consideration to have been paid for the
portion of the premises in relation to which a breach of
covenants was claimed, the plaintiff would be entitled to
recover nominal damages only.

Upon the subsequent trial of the action before a jury
the instructions of the presiding judge seem to have been
in strict accordance with the previous decision of this
court. We are unable to discover in them anything of
which the defendant can rightfully complain, or to which
any well founded objection can be offered.

We are also of opinion that the court below properly
declined to give the instructions for which the defendant
asked.

The evidence tending to show that, at the time of his
purchase, the plaintiff understood that he was buying and
paying for the whole property described in the defendant's
deed, with the other evidence offered by the plaintiff, was
clearly competent to be submitted to the jury, and from it

they might properly find that he actually did pay for the premises in controversy, which were part of the entire property particularly described in the deed.

The fact that the Merrill place was occupied by him at the time of the purchase, and that the plaintiff was aware of the occupancy, might have been sufficient, as between the plaintiff and Merrill, to put the former upon inquiry as to the title to that place, but afforded no conclusive presumption, as between them, that Merrill had a deed thereof, or that the plaintiff knew him to own it. Notice of the possession of land by a third person is in general sufficient to put a purchaser upon inquiry, and, if he neglect it, to charge him constructively with notice of any title under which the tenant may have entered; but it is not necessarily, even as between the purchaser and tenant, constructive notice of the existence of a valid title in the tenant, since the presumption of notice arising therefrom may be rebutted. Much more as between the purchaser and his grantor. *Rogers* v. *Jones*, 8 N. H. 264.

But the question of constructive notice of the existence of a title in Merrill to the premises occupied by him, and the subsequent acts of the plaintiff in permitting a sale and change of occupancy of those premises, without objection or claim of rent, had nothing to do with the principal inquiry before the jury, which was whether any and what consideration was actually paid by the plaintiff for those premises, except so far as they might incidentally or collaterally bear upon it. Even if the plaintiff supposed, and had good reason to believe, that Merrill owned those premises at the time of his purchase, yet if the defendant insisted that the fact were otherwise, and that he could and would give a perfect title thereto, and thereupon the plaintiff purchased and paid him for them, taking the defendant's warranty deed as his reliance, the fact that the plaintiff might have had sufficient grounds to suspect the validity of the title thus attempted to be con-

ferred upon him, is no reason why the defendant should violate his covenants with impunity, or retain the consideration received for those covenants under such circumstances. Had the plaintiff and defendant both perfectly understood, at the time the defendant conveyed the Merrill place to the plaintiff, that it had been previously conveyed by the defendant to Merrill, if the defendant asked and the plaintiff actually paid him $125, or any other sum, for a warranty deed of that place, we are aware of no legal principle which could justify the defendant in retaining the money, without making good the title to the premises for which it was paid, which he had warranted.

The last clause of the proposed instructions involved a denial of the precise construction of the defendant's deed, established by the former decision of this court, and was, therefore, properly refused. It is quite apparent, moreover, we think, that if the whole of certain premises are conveyed for a given price, the necessary presumption is that some portion of that price is paid and received for every portion of the premises; and that the burden of proof must be upon the party who undertakes to rebut and overthrow that presumption.

It is not for a party to complain that the personal knowledge of jurors was appealed to by himself unsuccessfully. Having chosen to adopt, and been permitted without objection to pursue, an unusual course of argument, and having therein ventured to rely upon a species of evidence usually regarded as loose, uncertain, and dangerous in its character, he cannot take advantage of his own act, and avoid a verdict against himself on account of his own conduct in the management of the cause before the jury.

The suggestions and remarks of the court upon the trial, as reported before us, do not seem to have been improper, or calculated to prejudice the rights of the defendant. They appear to have been appropriate to the positions of counsel, and demanded by the circumstances of

the case. Besides, observations of the court upon mere matters of fact, and their commentaries upon the weight of evidence and its application, are understood to be addressed to the jury merely for their consideration as the ultimate judges of matters of fact, and are entitled to no more weight or importance than the jury, in the exercise of their own judgment, choose to give them. They neither are, nor are understood to be, binding upon them, as true and conclusive expositions of the evidence; and, therefore, whether perfectly correct and appropriate or not, a bill of exceptions does not lie to such observations and commentaries. *Carver* v. *Jackson,* 4 Peters 80; exparte *Crane,* 5 Peters 198; *Evans* v. *Eaton,* 7 Wheaton 356, 426; *Commonwealth* v. *Child,* 10 Pick. 252; *Frankfort Bank* v. *Johnson,* 24 Maine 490; *Flanders* v. *Colby,* 28 N. H. (8 Foster) 34; *Patterson* v. *Colebrook,* 29 N. H. (9 Foster) 94.

As the instructions given were, in our judgment, substantially correct, and those asked for properly refused, there must be

*Judgment for the plaintiff upon the verdict.*