STATE, EX REL. DAVID G. BROWN, v. JAMES BODEN, JOHN KEHOE AND EDWARD T. GALLOWAY, TOWNSHIP COMMITTEE OF UNION TOWNSHIP, BERGEN COUNTY.

1. Where there are two or more candidates for office having an equal number of votes at an annual township meeting, the township committee, at their next meeting thereafter, shall elect between them, or call a special town meeting for that purpose. *Rev., p.* 1201, § 45.
2. Having failed to elect, and ordered a special election, and caused notices to be posted, the committee cannot, at a subsequent meeting, rescind their action.
3. This statute is not an unconstitutional limitation of the right of voting for any candidate, but a method of determining the result of the former election.

On motion for *mandamus* under rule to show cause.

The relator was a candidate for township committeeman at the election on March 13th, 1888. There was a tie vote between him and the opposing candidate, Edward T. Galloway, one of the defendants, who was in office and holds over until another is chosen in his stead. At the meeting of the township committee on March 16th next after the town meeting, the defendants all being present, three ballots were taken to elect between the two candidates having an equal number of votes, each resulting in one vote for Galloway and one for Brown, Galloway not voting. Van Roden moved that an election be ordered at a special town meeting, to be held on April 3d, 1888, and that the clerk post the usual notices, which was carried. The next day the notices were posted by the clerk. After transacting other business, the committee adjourned to March 21st. At that meeting the members were all present, and voted, among other things, to go into an election to decide the tie vote ; two ballots were taken with the same result as before. It was then ordered that the election to fill the vacancy be laid over until the next meeting ; the resolution of March 16th, ordering a special town meeting was reconsidered and rescinded, and the committee ad-

journed to meet at the call of the chairman. March 26th a rule in this court was granted to show cause why a *mandamus* should not be issued to the committee, to call a special town meeting to elect between Galloway and Brown for the office of town committeeman.

Argued at June Term, 1888, before Justice SCUDDER and REED.

For the relator, *Copeland & Luce.*

For the defendants, *Luther Shafer.*

The opinion of the court was delivered by

SCUDDER, J. The proceeding to determine the controversy where two or more candidates have an equal number of votes for the same office, at an annual election in town meetings for township officers, is prescribed in section 5 of the act of March 22d, 1860 (*Rev.*, *p.* 1201, § 45), in these words: " The town committee shall, at their next meeting thereafter, elect between those having an equal number of votes, unless they shall deem a special town meeting for these purposes advisable, and in that case shall have power to call such special town meeting as now provided by law."

This act is mandatory in its terms; the committee shall do one of two things, elect between those having an equal number of votes, or call a special town meeting to elect; they may do either, as they may deem advisable; but they must do one of these acts, and it must be done at the next meeting after the annual town election. If not, it may often happen that the committeeman, whose fixed term of office has expired, may, by the difference of opinion, or courtesy of his associates, hold until another is chosen in his stead, which time may be extended, by adjournments, until the next annual town meeting. The committee in this case exercised their authority correctly at their first meeting, on March 16th, when, after their futile attempt to elect, they ordered a special meeting to

be called for that purpose. The business was finished; according to the statutory requirements, it was made public by the posting of notices of the election by the clerk of the township, by their direction. They could not, at a subsequent meeting, on March 21st, reconsider and rescind their former decision of the advisability of the special election, and continue the dead-lock in their own action. The discretion given by statute for them to elect, themselves, or refer it to the voters of the township to make the choice, having been exercised at the time prescribed, the ministerial duty to proceed with the election alone remains; the writ of *mandamus* is the proper remedy to compel the performance of this act, which the statute specially enjoins as a duty resulting from their office. *High Ex. Rem.*, § 30; *Ex parte Crane*, 5 *Pet.* 190; *Board of Liquidations* v. *McComb*, 92 *U. S.* 531; *State* v. *Rahway*, 4 *Vroom* 110; *Hugg* v. *Camden*, 10 *Id.* 620; 2 *Dill. Mun. Corp.* 832–838.

It is objected that if the writ be allowed it cannot be in the form indicated by the rule to show cause, for that limits the call of a special town meeting for the purpose of electing between Edward T. Galloway and David G. Brown for the position of member of the township committee. It is argued that the election, if called, must be open to all candidates, and for voters to choose whom they will for the office.

But by the terms of the statute (section 45) the township committee are required to elect between those having an equal number of votes, and, if they deem it advisable, may call a special town meeting for this purpose, among others recited in the act. This is the proper construction, that it is specific in its limitation to these candidates. It is not, as it is said, an unconstitutional limitation of the right of voting by a free ballot, but a method of determining the result of the former election, by referring it to the township committee, representing the people, or to the people themselves to settle the difficulty, by a special election for that purpose. The action of the township committee in such cases is intended to give effect to the unfinished election, and is a mere mode of determining the result (*State, Winans* v. *Crane*, 7 *Vroom* 394, 396); and the

same purpose will be accomplished when the people are called upon to settle it by the action of the township committee.

The act of April 25th, 1884, amends section 13 of the original act of April 14th, 1846, by authorizing the township committee to fill vacancies promptly, instead of waiting fifteen days for the town meeting to assemble to fill them. The third section of the amendatory statute, which repeals all acts or parts of acts inconsistent therewith, does not repeal section 5 of the act of March 22d, 1860, which governs in this case, and relates to other special matters not included in the repealing act. Among these is the right and duty to elect between candidates at the town election who have an equal number of votes for the same office.

This official duty being unperformed, and the township committee having shown, by their attempt to rescind their former vote for a special election, and their ineffectual efforts to choose a committeeman, that they are unwilling, or negligent in proceeding with the election, the rule to show cause will be made absolute, and a peremptory *mandamus* ordered.