John H. ANDERSON, Plaintiff-Appellee,

v.

CONTINENTAL STEAMSHIP COMPANY, Defendant-Appellant.

No. 108, Docket 23194.

United States Court of Appeals, Second Circuit.

Argued Dec. 8, 1954.

Decided Dec. 31, 1954.

Russell V. Bleecker, Cleveland, Ohio, and William J. Regan, Buffalo, N. Y., for defendant-appellant.

Before CLARK, Chief Judge, and L. HAND and MEDINA, Circuit Judges.

CLARK, Chief Judge.

Defendant appeals from the judgment on a jury verdict of $26,000 for plaintiff in an action for negligence under the Jones Act, 46 U.S.C. § 688. Errors are attributed to the judge's charge and to his denial of motions for a new trial and for judgment non obstante veredicto.

■ At the outset we are met by a motion by plaintiff to dismiss the appeal as not timely within F.R.C.P. 73(a). The jury's verdict was rendered on April 1, 1954. Immediately on its rendition counsel for defendant moved for a judgment in its favor, or, alternatively, for a new trial. Judge Knight reserved decision on these motions, stating that he desired a complete transcript of the testimony and that no ruling upon the motions would be made until he had studied the record. Oral argument was had on June 16, 1954. Judge Knight denied each of the motions in an opinion dated June 25, 1954, upon which an order was filed June 29, 1954, at which time the judgment was also filed and docketed. On June 30, 1954, defendant moved for a new trial on the basis of newly discovered evidence. When this motion was denied by order filed on August 17, 1954, a notice of appeal to this court was filed on the same day.

The crux of plaintiff's argument is that judgment under F.R.C.P. 58 should have been entered on the docket immediately after the announcement of the jury's verdict, and that the time for appeal should be calculated from this earlier date. Ordinarily F.R. 58 would require such a result, but in this case the fact that the judge immediately took under advisement motions to upset the verdict constituted a good reason for delaying the entry of the judgment. Mur-

Edward J. Desmond, Buffalo, N. Y. (John E. Drury, Jr., Buffalo, N. Y., on the brief), for plaintiff-appellee.

phy v. Lehigh Valley R. Co., 2 Cir., 158 F.2d 481, 485. Since the judgment was therefore appropriately entered on June 29, 1954, the timely motion for a new trial because of newly discovered evidence tolled the time for appeal until 30 days after August 17, 1954. F.R. 73(a).

Counsel allege an existing practice by the clerk of this district court not to enter judgments until "someone" moves for their entry. We are loath without more to attribute to the clerk such a practice so contrary to the explicit requirements of F.R. 58 and the repeated admonitions of this court, as in United States v. Wissahickon Tool Works, 2 Cir., 200 F.2d 936; United States v. Roth, 2 Cir., 208 F.2d 467. In this case a perfectly correct practice under the circumstances appears to have been followed; and in any event no judgment was in fact docketed until June 29, 1954. The appeal was therefore timely.

■ Turning now to the merits of defendant's appeal, we find nothing that would warrant reversal of the judgment below. There was sufficient evidence of negligence for that issue to be left to the jury under the proper instructions given by Judge Knight. Plaintiff was forced to cross a stormy deck at 5 a. m. without warning and without guide lines; the jury could reasonably have found this a breach of defendant's duty to provide its cook with a safe place to work. The trial court was correct in refusing to charge that assumption of risk was a defense to a Jones Act action. Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265. The judge's charge on the absence of maintenance and cure as a factor in this action was perhaps not so clear as it might have been; but if defendant felt this to have been prejudicial, it should have so indicated by appropriate exception at the time of the trial. That would also have been the correct place for challenging the conduct of plaintiff's counsel at the deposition. The judge furthermore did not abuse his discretion in refusing to submit interrogatories to the jury.

The judgment is affirmed.