## DUNAGAN v. APPALACHIAN POWER CO.

Circuit Court of Appeals, Fourth Circuit.
November 8, 1928.

No. 2807.

William H. Werth, of Tazewell, Va., for appellant.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PER CURIAM. This is an application for an alternative writ of mandamus directing Hon. Geo. W. McClintic, Judge of the District Court of the United States for the Southern District of West Virginia, to sign a certain bill of exceptions tendered by appellant or show cause why he should not be required to do so. The case in which the petition is presented has been three times tried in the court below, and has been twice before this court. 11 F.(2d) 65, 23 F. (2d) 395. The petition states that upon the last trial in the District Court the jury returned a verdict for defendant on a Saturday afternoon, and that thereupon plaintiff moved to set aside the verdict and for a new trial, which motion was overruled; that upon the following Monday counsel for plaintiff presented written grounds of the motion, which had been overruled, and that the court refused to consider these written grounds, or to allow them to be filed, stating that the motion had already been disposed of; that exception was taken to this refusal, and was inserted in the bill of exceptions, together with a copy of the grounds of motion; and that the court struck these

matters from the bill of exceptions, and signed a substitute bill showing merely that the motion for a new trial was made and overruled, and that later a paper was presented as setting forth grounds of the motion, and that the court refused to consider it.

There is attached to the petition a copy of the written grounds of motion which the court refused to consider. With the exception of an allegation as to the competency of one of the jurors, which counsel properly admitted at the bar of this court constituted no ground for a new trial, and was not insisted upon, this paper contains only matters covered by exceptions already taken and duly set forth in the bill of exceptions as allowed or statements as to arguments of opposing counsel made in the presence of the judge or remarks of the judge himself, to none of which exception was taken at the time.

It is clear upon the face of the petition that appellant is not entitled to the relief asked. It is true that, where the District Judge refuses to sign or allow any bill of exceptions, he may be required by mandamus to do so. Scaife v. Western North Carolina Land Co. (C. C. A. 4th) 87 F. 308. But the appellate court will not attempt to control his discretion as to what the bill of exceptions shall contain. It is for him, and not for the appellate court, to say what should be included therein, and whether a particular bill of exceptions should be allowed. 4 C. J. 308; Ex parte Bradstreet, 4 Pet. 102, 105, 7 L. Ed. 796; Ex parte Crane, 5 Pet. 190, 8 L. Ed. 92; Scaife v. Western North Carolina Land Co., supra. As said by Judge Simonton, speaking for this court, in the case last cited:

"It is very clear that this court has no right to require the trial judge in this case to sign the bill of exceptions prepared for and presented to him by the counsel for the plaintiff. The duty of the judge is to settle the bill of exceptions according to what he thinks the truth of the case. * * * *"

Cases may arise in which the appellate court will require the trial judge to correct a bill of exceptions where it appears that through abuse of his discretion matters have been improperly omitted therefrom, but no such case of abuse of discretion is presented by the petition here.

Not only do we think that there has been no abuse of discretion by the judge below, but we are satisfied also that, upon the bill of exceptions as allowed, appellant can obtain as full a review in this court as could be had were the matters complained of inserted in the bill. So far as the matters set forth in the written grounds of motion were excepted to during the trial, they are subject to review under the bill, which was allowed. Where these matters were not excepted to at the time, exceptions could not be taken after verdict under the guise of a motion for a new trial. It is true, as contended, that the trial judge could consider as grounds for a new trial matters as to which his action would not be subject to review on appeal; and there can be no doubt that it is his duty to consider a motion for a new trial, even though grounded entirely upon such matters. In this case, however, he did consider the motion, which was heard and denied by him and exception to denial allowed, as the record shows. The written "grounds" which counsel subsequently attempted to file would not have brought to his attention anything with which he was not already thoroughly familiar, for we must assume that he was advertent to the things which he did or which occurred in his presence, especially as this was the third trial of the case. Be that as it may, however, counsel for plaintiff made his motion for a new trial, had it considered, received a ruling thereon, and was given an exception to the ruling. While the judge had the power to reopen the matter and reconsider his ruling, he was not required to do so, and his refusal was no ground of exception.

For the reason stated, the motion of appellant for the alternative writ of mandamus is denied.

Motion denied.