MARTEN v. HESS et al.

No. 10914.

United States Court of Appeals
Sixth Circuit.

June 6, 1949.

Brady, Whitehead, O'Connor & Simmons, Toledo, Ohio, for appellant.

Welles, Kelsey, Fuller, Cobourn & Harrington, Toledo, Ohio, for appellees.

---

[12] Guerrini v. United States, 2 Cir., 167 F.2d 352, 356.

Before HICKS, Chief Judge and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

The above cause came on to be heard on appellees' motion to dismiss the appeal on the ground that this court is without jurisdiction to hear the appeal inasmuch as notice of appeal was not filed within the time prescribed by the Federal Rules of Civil Procedure, 28 U.S.C.A.

 It appears that judgment was entered December 1, 1948. On December 19, 1948, appellant filed a motion for a new trial, which was denied January 11, 1949. On February 23, 1949, appellant filed a motion for leave to file a motion for a new trial on the ground of newly discovered evidence. This motion was denied March 16, 1949. On March 8, 1949, appellant moved to set aside the verdict and judgment and for a new trial. This motion was denied on March 16, 1949. On March 25, 1949, appellant filed a motion for rehearing of the motion to set aside the verdict and judgment and for a new trial. This motion was denied on April 7, 1949. Notice of appeal was not filed until April 14, 1949. Rule 73 of the Federal Rules of Civil Procedure provides, in part:

"Rule 73. Appeal to a Circuit Court of Appeals.

"(a) When and How Taken. When an appeal is permitted by law from a district court to a circuit court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from unless a shorter time is provided by law, * * *. The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50 (b); or granting or denying a motion under Rule 52 (b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59. (As amended.)"

It is fundamental that the time requirement within which an appeal must be taken is mandatory and jurisdictional. It can not be extended by waiver, or order of the court. If notice of appeal is not filed within the time provided, the right to appeal is lost. A motion for rehearing of a motion to set aside verdict and judgment, and a motion for rehearing of a motion for a new trial are not motions that extend the time for appealing or affect the finality of the judgment under Rule 73. Since notice of appeal was not filed within the time prescribed by the said Rule, it follows that the appeal must be dismissed, and

It is, accordingly, ordered that the appeal in the above case be and the same is hereby dismissed.