## BLAINE v. PETERS.
### No. 11165.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 8, 1952.
Decided Feb. 7, 1952.

Earl H. Davis, Washington, D. C., for appellant.

Jesse Lee Hall, Washington, D. C., with whom Achilles Catsonis, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, PROCTOR, and BAZELON, Circuit Judges.

PER CURIAM.

A judgment was entered on a jury's verdict in favor of appellant and against appellee on February 16, 1951. Appellee's motion for judgment notwithstanding the verdict, or in the alternative for a new trial, was filed February 21, 1951. By inadvertence this motion was immediately denied. Expressly because of this "inadvertence" the District Court on April 5, 1951 set aside the denial. The court then granted the motion for new trial which it had thus reinstated.

Appellant contends the order of April 5, and the court's subsequent refusal to vacate it, violated Rule 59(d), F.R.Civ. P., 28 U.S.C.A., which provides: "Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor." In our opinion this Rule is irrelevant. The court did not order a new trial "of its own initiative" but on appellee's motion. Though that motion had once been inadvertently denied, it was properly before the court after the denial was set aside. Rule 60(a) expressly provides that "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party * * *."

Affirmed.