## DEENA PRODUCTS CO. v. UNITED BRICK & CLAY WORKERS OF AMERICA et al.

### No. 11404.

United States Court of Appeals
Sixth Circuit.

Feb. 18, 1952.

Wheeler & Marshall, Paducah, Ky., for appellant.

Joseph S. Freeland, Paducah, Ky., Woll, Glenn & Thatcher, Washington, D. C., John Y. Brown, Lexington, Ky., and Nathan Duff, Perth Amboy, N. J., for appellees.

Before SIMONS, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This cause came on to be heard upon the record and upon the briefs and oral arguments of attorneys for appellant and appellees, respectively, and upon the motion of appellees to dismiss the appeal;

From all of which it appears that this court has no jurisdiction to entertain the appeal, for the reason that the appellant company failed to file a notice of appeal in the United States District Court within the time prescribed by law and by the Rules of Civil Procedure, inasmuch as more than thirty days had elapsed after the motion of appellant for a new trial had been overruled by the District Court before the appellant's motion for a new trial was reinstated and again overruled, the District Judge having stated that his purpose in setting aside the original order overruling the motion for a new trial was to enable the plaintiff to prosecute an appeal;

And it being the view of this court that, both under Civil Procedure Rule 73 (a), 28 U.S.C.A., and section 2107 of Title 28 U.S.C., as amended by Act of Congress of May 24, 1949, the filing of a notice of appeal within the prescribed time is mandatory and jurisdictional and cannot be ex-

tended by waiver or order of court, and the right to appeal is lost if notice of appeal is not filed within the time prescribed. (See Marten v. Hess, 6 Cir., 176 F.2d 834);

And it being the further view of the court that any damages suffered by the appellant, by reason of the acts complained of, are, regardless of the liability or non-liability of the appellees to it under the provisions of the statute, section 303(a)(1) of the Labor Management Relations Act of 1947, section 187(a) (1), Title 29, U.S.C.A., contingent and entirely dependent upon certain contractual relations with its subsidiary, Deena Artware, Inc., which contractual relations did not exist, and accordingly are not recoverable in this action;

The motion of appellees to dismiss the appeal filed October 15, 1951, is granted; and the appeal is ordered to be dismissed.