## RANDOLPH v. RANDOLPH.

### No. 11240.

United States Court of Appeals
District of Columbia Circuit.

Decided July 17, 1952.

Luther Robinson Maddox, for appellant.

Frederick R. Wilson, for appellee.

Before STEPHENS, Chief Judge, and PROCTOR and BAZELON, Circuit Judges.

STEPHENS, Chief Judge.

This is a motion to dismiss an appeal from an order of the United States District Court for the District of Columbia upon the ground that the appeal was not taken within the time provided by Rule 73(a), Fed.R.Civ.P., 28 U.S.C.A. The order from which an appeal is sought to be taken is an order of April 23, 1951, entered in a civil action. The order dismissed a counterclaim filed by the appellant, as well as a complaint filed by the appellee.[1] On May 3 the appellant filed in the District Court a motion to alter or amend the order of April 23, i. e., the judgment sought to be appealed from; that motion was denied on May 31.[2] On

1. The original pleading filed by the appellant was denominated a "cross-complaint." But it sought relief against the plaintiff and is therefore correctly to be described as a counterclaim.

2. The motion of May 3 was denominated

by the appellant a "motion to vacate and set aside that part of order and judgment of April 23, 1951, which dismisses the cross-complaint." In effect, however, it was a motion under Rule 59(e) to alter or amend the judgment.

June 11 the appellant filed in the District Court a motion to vacate the order of May 31; that motion was denied on June 25.[3] On July 9 the appellant made application to the District Court for leave to proceed upon appeal *in forma pauperis;* that application was denied on the same day, the District Court certifying that the appeal sought to be taken was without merit. On July 20 the appellant made application to this Court of Appeals for leave to proceed upon appeal *in forma pauperis;* that application was granted on August 13. On August 15 the appellant filed in the District Court a notice of appeal. On February 11, 1952, the appellee filed the present motion to dismiss the appeal.

Rule 73(a) Fed.R.Civ.P. provides, so far as here pertinent, as follows:

When an appeal is permitted by law from a district court to a court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from . . . . The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under Rule 50(b); or granting or denying a motion under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under Rule 59 to alter or amend the judgment; or denying a motion for a new trial under Rule 59.

A party may appeal from a judgment by filing with the district court a notice of appeal. . . .

■ The primary question presented by the motion to dismiss the appeal is whether or not the appellant's motion of June 11 to vacate the order of May 31 terminated the running of the time for appeal, so that the full time therefor commenced to run and was to be computed from the entry of the order of June 25 which denied the motion of June 11. If the answer to that question is in the affirmative, then the appeal was timely because the appellant's application to the District Court for leave to proceed upon appeal *in forma pauperis* was filed on July 9, which was within 30 days of June 25.[4] But we rule that the motion of June 11 did not so terminate the running of the time for appeal, because it was not one of the motions enumerated in Rule 73(a) as having the effect of terminating the running of the time for appeal. It was not a motion within Rule 50(b) to set aside a verdict or for a judgment in accordance with a motion for a directed verdict; it was not a motion within Rule 52(b) for the amendment of findings or for the making of additional findings and amendment of the judgment accordingly; it was not a motion within Rule 59(e) to alter or amend the judgment, because it was not directed to the judgment sought to be appealed from, to wit, the order of April 23 dismissing the counterclaim—it was directed to the order of May 31; it was not a motion within Rule 59(a) for a new trial. A similar conclusion is reached in Marten v. Hess, 176 F.2d 834 (6 Cir.1949), where the court said: "A motion for rehearing of a motion to set aside verdict and judgment, and a motion for rehearing of a motion for a new trial are not motions that extend the time for appealing or affect the finality of the judgment under Rule 73."

■■ The running of the time for the appeal was terminated by the timely motion of May 3 which, as pointed out above, was in effect a motion under Rule 59(e) to alter or amend the original order of April

---

3. The motion of June 11 was denominated by the appellant a "motion . . . to vacate, set aside and hold for naught, the order and judgment of May 31, 1951, *dismissing the cross-complaint* of Laura Rodgers." (Emphasis supplied) But the order of May 31 was not an order dismissing the counterclaim. It was, as above described, an order denying the motion of May 3 to alter or amend the order of April 23 which dismissed the counterclaim. The text of the motion of June 11 so characterized the order of May 31.

4. An application for leave to proceed upon appeal *in forma pauperis* satisfies the provision of Rule 73(a) that a party may appeal by filing with the District Court a "notice of appeal." Tesciona v. United States, 141 F.2d 811 (9 Cir. 1944). Cf. Boykin v. Huff, 73 App.D.C. 378, 121 F. 2d 865 (1941).

23 sought to be appealed from.[5] Therefore the full time for appeal commenced to run and is to be computed from May 31, the date of the entry of the order denying the motion of May 3. But neither the application for leave to appeal *in forma pauperis,* nor the notice of appeal, was filed in the District Court within 30 days of May 31; the former was filed on July 9 and the latter on August 15. Therefore the appeal was not taken within time and must be dismissed, notwithstanding the order of this court of August 13 granting the appellant's motion of July 20, filed in this court, for leave to proceed upon appeal *in forma pauperis.* That order was inadvertently entered and is without legal effect, because the time provision in Rule 73(a) is jurisdictional, Bradley v. Pace, 87 U.S.App.D.C. 11, 183 F.2d 806 (1950), and this court was therefore without power to enter it.

Motion to dismiss the appeal is granted.

---

5. The motion of May 3 was timely, because under Rule 59(e) it was required to be served not later than 10 days after entry of the judgment of April 23 and it was served on May 3.