SLATER v. PEYSER.

No. 11206.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 20, 1952.

Decided Nov. 20, 1952.

Luther Robinson Maddox, Washington, D. C., with whom John W. Slater, Jr., was on the brief pro se, for appellant.

John J. Carmody, Washington, D. C., for appellee.

Before EDGERTON, WILBUR K. MILLER, and FAHY, Circuit Judges.

EDGERTON, Circuit Judge.

December 7, 1950 the District Court dismissed appellant's complaint in an action for slander, on the ground that it failed to state a claim on which relief could be granted, with leave to file an amended complaint within ten days. December 18 counsel filed a stipulation that "the time within which plaintiff may amend his complaint or otherwise plead is extended to December 28, 1950." December 28 appellant moved for a rehearing. His motion was denied January 12, 1951.

He filed an amended complaint ten days later, on January 22. A motion by appellee to strike this complaint was granted February 28. Appellant filed another amended complaint April 6, pursuant to leave granted April 5. The court dismissed "the action, without prejudice" on June 22, 1951, and on July 19, 1951 denied a motion for leave to file another amended complaint. July 20, 1951 appellant filed this appeal, ostensibly from the orders of June 22 and July 19.

Under Rule 59(a), Fed.Rules Civ. Proc. 28 U.S.C.A. a motion for rehearing is equivalent to a motion for a new trial. Rule 59(b) requires that such a motion be filed not later than 10 days after judgment. If it is filed later, as it was in this case, it does not extend the time within which an appeal may be taken. Safeway Stores, Inc. v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782. Counsel's stipulation of December 18 was not intended to extend the 10-day time limit fixed by Rule 59(b) for filing a motion for rehearing or for a new trial. Moreover, it could not do so. "An agreement with opposing counsel * * * is not an acceptable reason for failure to comply with the rules of court or, specifically, for failure to move in proper time for extensions of time as provided in such rules." Citizens' Protective League, Inc. v. Clark, 85 U.S.App.D.C. 283, 284, 178 F.2d 703, 704.

Since the appeal was not filed within 30 days after December 7, 1950, it must be dismissed. The 30-day time limit fixed by Rule 73(a) for taking appeals "is jurisdictional, Bradley v. Pace, 87 U.S. App.D.C. 11, 183 F.2d 806(1950) * *." Randolph v. Randolph, 91 U.S.App.D.C. ——, 198 F.2d 956, 958. The fact that the court allowed appellant to file an amended complaint after the time within which he might have moved for a rehearing or for a new trial had expired did not avoid the finality of the judgment of December 7 or extend the time within which an appeal might be taken.

Appeal dismissed.