## NIELSEN v. ARABIAN AMERICAN OIL CO.

### No. 14162.

United States Court of Appeals
Fifth Circuit.

Aug. 6, 1953.

Ted Musick, Houston, Tex., Musick & Peters, Houston, Tex., for appellant.

J. Curtiss Brown and Brady Cole, Houston, Tex., Baker, Botts, Andrews & Parish, Houston, Tex., of counsel, for appellee.

Before HOLMES, RUSSELL and STRUM, Circuit Judges.

PER CURIAM.

This suit, by appellant, Trudie Lee Nielsen, against appellee, Arabian American Oil Company, was for the breach of a contract for the employment of appellant by appellee in Saudi Arabia. The trial court originally denied the motions of the defendant to quash the summons and service of citation upon the Secretary of the State of Texas, as the general agent for service of the defendant, and to dismiss the cause for lack of jurisdiction of the defendant. The point involved was whether the transactions of the defendant within the State of Texas constituted "doing business" so as to subject the defendant to service through the Secretary of the State under the terms of Section 2031a of Vernon's Civil Statutes of Texas. Thereafter, upon the coming down of the decision of this court in Rosenthal v. Frankfort Distillers Corp., 193 F.2d 137, and based upon it, the defendant moved for a rehearing and the granting of its motions to quash and dismiss. Over the objection of the plaintiff-appellant, the court reviewed its former order, withdrew the same, and quashed the summons and dismissed the action, without prejudice, for want of jurisdiction of the defendant.

The activities of the defendant in the present case within the State of Texas were markedly and substantially less in number, time and business consequences than those present in the Rosenthal case, supra,[1] which this court adjudged did not in the light of the applicable Texas law, constitute doing business within that State. Consequently, the trial court could properly rely upon the Rosenthal decision and it is ample authority for the judgment of the trial court in this case.

It was entirely proper that the court review and correct its former ruling when convinced that it was erroneously entered.

Judgment affirmed.

1. These are set forth in note 2, at page 139 of 193 F.2d.