## NATIONAL FARMERS UNION AUTO. & CAS. CO. v. WOOD.

### No. 4648.

United States Court of Appeals
Tenth Circuit.
Oct. 26, 1953.

---

Lowell White, Denver, Colo. (Walter A. Steele, Denver, Colo., on the brief), for appellant.

Mansur Tinsley, Lakewood, Colo. (H. Vance Austin, Sterling, Colo., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The question presently presented on this appeal is whether after entry of the first judgment in the case the trial court effectively granted a new trial.

On June 11, 1951, the cause was submitted to the court without a jury. At the conclusion of the hearing, the court announced that the judgment would be in favor of the defendant and gave its reasons for that action. Thereupon, counsel for plaintiff moved in open court to dispense with a motion for new trial; the parties stipulated that a motion for new trial might be deemed to have been made and filed and denied; and the court stated in substance that the record would be so treated but no formal order was entered to that effect. On the same day, judgment was entered dismissing the action. Two orders appear in the record, each purporting to grant a new trial. The first order was signed by the court. It bears date June 21, 1951, bears a file mark of the same date, and provides "that the order made and entered on June 11, 1951, denying the oral motion of plaintiff for new trial be, and the same is hereby vacated, and the said oral motion for new trial is hereby granted." The second order was dictated from the bench on June 22. It recites at the outset that the court had theretofore, upon stipulation of counsel, denied the motion for new trial; that upon further consideration of the files and the evidence the court "vacates that order denying the motion for a new trial, and instead it is the order of the Court that the motion for new trial be granted." The court then stated that it was thought desirable to indicate to counsel the reasons for such action, and the court stated its views. And this provision followed immediately the expression of views on the part of the court, "For these reasons, and upon careful reconsideration of the case, it is the judgment of the Court that a new trial should be granted, and it hereby is granted." On November 7, 1952, plaintiff filed in the case a motion that the court amend its order dated June 21, 1951, so as to specify therein the grounds for such order. The motion gave as its grounds that under the provisions of Rule of Civil Procedure 59(d), 28 U.S.C. the court, in ordering a new trial of its own initiative, must specify in such order the grounds therefor; and that under the provisions of Rule 60(a), errors in orders arising from oversight or omission may be corrected by the court at any time prior to the docketing of an appeal. On the same day, the court entered an order reciting that the motion of plaintiff to amend the order dated June 21, 1951, coming on for hearing, and the court being advised in the premises, it was "Ordered that the 'Order Granting Motion for New Trial' entered on June 21, 1951, be amended to include the Memorandum which was dictated by the Court from the Bench on June 22, 1951." On December 3, 1952, the cause was tried the second time. The jury returned a verdict for plaintiff; judgment was entered upon the verdict; and defendant appealed.

Appellant challenges the order bearing date June 21 purporting to grant a new trial. Rule of Civil Procedure 59(b), 28 U.S.C., provides that a motion for new trial shall be served not later than ten days after entry of the judgment; and rule 59(d) provides that not later than ten days after entry of the judgment, the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor. Even though a motion for new trial is lodged within ten days after entry of the judgment, the granting of a new trial on a ground not mentioned in the motion is to be treated as action taken by the court on its own initiative. Freid v. McGrath,

76 U.S.App.D.C. 388, 133 F.2d 350; Bailey v. Slentz, 10 Cir., 189 F.2d 406; Kanatser v. Chrysler Corp., 10 Cir., 199 F.2d 610, certiorari denied 344 U.S. 921, 73 S.Ct. 388.

■■■ The order of June 21 bears date ten days after entry of the judgment dismissing the action, and it recites that the previous order denying the oral motion for new trial be vacated and that such oral motion be granted. But there was no oral motion for a new trial stating grounds therefor. There was no motion of any kind. While the order recites that the motion of plaintiff for a new trial is granted, in the absence of any motion for new trial, the order must be considered only as action taken on the initiative of the court. Freid v. McGrath, supra. And, treating it as action taken on the initiative of the court, standing alone it was fatally ineffective to grant a new trial for the reason that it failed to set forth or specify the ground or grounds therefor. Marshall's U. S. Auto Supply v. Cashman, 10 Cir., 111 F.2d 140, certiorari denied, 311 U.S. 667, 61 S.Ct. 26, 85 L.Ed. 428.

Appellee impliedly concedes that the order bearing date June 21 represented action on the initiative of the court, and that standing apart and alone it was fatally defective for failure to set forth or specify therein the ground or grounds upon which the new trial was granted. But appellee places strong reliance upon the order entered November 7, 1952, to supply the essential element theretofore missing from the order bearing date June 21. Rule of Civil Procedure 60(a) provides in pertinent part that at any time before an appeal is docketed, the court may on its own initiative or on motion of a party correct clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission. To support his contention that under Rule 60(a) the order of June 21 was effectively amended by the order of November 7, appellee calls attention to cases decided by the courts in California holding that an order granting a new trial must state

the ground or grounds upon which the action is taken and that where an order seasonably entered by the clerk inadvertently or through oversight fails to state such ground or grounds, the court has power and jurisdiction to amend the order nunc pro tunc by inserting therein the ground or grounds, even though the time has expired within which a new trial may be granted. Lauchere v. Lambert, 210 Cal. 274, 291 P. 412; Livesay v. Deibert, 3 Cal.App.2d 140, 39 P.2d 466; Carter v. J. W. Silver Trucking Co., 4 Cal.2d 198, 47 P.2d 733. But in 1939, after those cases were decided, section 657 of the Code of Civil Procedure of California was amended to provide that when a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict or decision, the order shall so specify this in writing and shall be filed with the clerk within ten days after the motion is granted; otherwise, on appeal from such order it will be conclusively presumed that the order was not based upon that ground. And as we understand, since such amendment to the statute became effective it has been consistently held in that state that an order entered during the ten-day period without stating the ground or grounds upon which the new trial is granted cannot be amended by nunc pro tunc order after the expiration of such period to insert therein that the new trial was granted on the ground of the insufficiency of the evidence. Thomas v. Driscoll, 42 Cal. App.2d 23, 108 P.2d 43; Roth v. Marston, 110 Cal.App.2d 249, 242 P.2d 375.

■■ The failure of the order bearing date June 21 to set forth or specify the grounds upon which the new trial was granted was not due to a clerical mistake or oversight on the part of the clerk in entering upon the records the substance of an announcement of the court in respect to the grounds upon which the new trial was granted. The deficiency in the order did not arise from any misprision on the part of the clerk. The order was signed by the court and it was imbedded in the records in the

form in which it existed at the time it was signed. The fatal deficiency in the order represented judicial error on the part of the court. And there is no statement, recital, finding, or determination in the record that such error was due to oversight or omission. The order of November 7, 1952, was completely silent in respect to the underlying reasons for the failure of the original order to state the grounds upon which the new trial was granted. It merely directed that the original order be amended by inserting therein the substance of the oral announcement made by the court on June 22, without stating or suggesting that the silence of the original order in respect to the grounds for the granting of the new trial arose from oversight or omission. And at no other place in the record before us is there any statement, recital, finding, or determination that the deficiency in the original order was occasioned by oversight or omission. We do not explore the question whether an order entered within ten days following entry of the judgment purporting to grant a new trial on the initiative of the court but failing through oversight or omission to state the ground or grounds therefor may be corrected by amendment after expiration of such ten-day period to insert therein the ground or grounds upon which the new trial was granted. We pretermit that question. It is enough to say that in the complete absence of any statement, recital, finding, or determination of the trial court that the deficiency in the original order was due to inadvertence, oversight, or omission, the order cannot now be sustained on the ground that it was effectively amended to supply that essential element more than ten days after the entry of the judgment.

■ The order dated June 22 does not call for extended discussion. It was not entered within ten days after entry of the judgment. It was entered on the eleventh day following entry of the judgment. It did not purport to amend the order bearing date June 21. It did not refer in any manner to any previous or-

der granting a new trial. Instead, it purported on its face then and there to grant a new trial itself. It stated the grounds on which the new trial was then and there being granted. And no such grounds were included in any motion for new trial filed within ten days after entry of the judgment. Therefore, the order must be treated as representing action on the initiative of the court; and being taken more than ten days after entry of the judgment, it came too late and was ineffective. Marshall's U. S. Auto Supply v. Cashman, supra; Bailey v. Slentz, supra; Kanatser v. Chrysler Corp., supra; Freid v. McGrath, supra.

The judgment entered upon the verdict of the jury is reversed; the two orders each purporting to grant a new trial are vacated; and the cause is remanded with directions to reinstate and reenter the original judgment.