### Andrew TERRASI
v.
### SOUTH ATLANTIC LINES, Inc.
No. 48, Docket 23587.

United States Court of Appeals
Second Circuit.

Argued Oct. 5, 1955.

Decided Oct. 31, 1955.

---

**824**

Harry D. Graham, New York City, for plaintiff-appellant.

Louis J. Gusmano, New York City (Kirlin, Campbell & Keating, New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and MEDINA and LUMBARD, Circuit Judges.

CLARK, Chief Judge.

This is an appeal by the plaintiff from a verdict and judgment for the defendant in his action for damages for personal injuries alleged to have been sustained through the negligence of defendant while he was a passenger at sea on the defendant's S.S. "Italia." At the outset we must consider defendant's motion to dismiss the appeal as not timely. When the defendant's verdict was rendered on January 20, 1955, plaintiff at once made an oral motion for a new trial, which the court as promptly denied. The next day, January 21, the plaintiff filed a formal written motion for reargument of his motion for a new trial setting forth various grounds upon which he contended that he was entitled to such trial; and this the defendant's counsel answered by affidavit on January 25. Meanwhile a formal judgment for the defendant was entered by the clerk on January 21. Plaintiff's motion was denied by the court on February 28 in a brief memorandum endorsed upon it, in which it is described as the "motion to set aside the verdict and for a new trial," and which discloses that the court considered it on the merits. Plaintiff's appeal followed on March 2—too late if his time runs from the date of the formal judgment, but in time if it runs from the denial of the motion.

Defendant asserts that a motion for a reargument is not within the several motions specified in F.R. 73(a) as suspending and thus extending the time within which an appeal can be taken. But this is too literal a reading of the language of the rule. A motion for reargument of a motion for a new trial is of course nothing but a motion for rehearing thereof, and thus in essence is itself but an application for a new trial under F.R. 59(a), which explicitly includes all applications for rehearing as previously understood. Thus the Advisory Committee's Note to this rule shows that it includes the former "petition for a rehearing" of Equity Rule 69. As pointed out in Slater v. Peyser, 91 U.S.App.D.C. 314, 200 F.2d 360, 361: "Under Rule 59(a), Fed.Rules Civ.Proc. 28 U.S.C.A. a motion for rehearing is equivalent to a motion for a new trial." The very reasons which led the Advisory Committee to recommend the amended Rule 73(a) in the interest of clarity and to avoid confusion as to the proper time for appeal apply equally to this motion. Of course it must be timely made within 10 days, as specified in F.R. 59(b), and thus in any event cannot delay the proceedings unduly. The appeal here properly taken when the motion was denied is therefore timely. See Anderson v. Continental S. S. Co., 2 Cir., 218 F.2d 84; Mosier v. Federal Reserve Bank of New York, 2 Cir., 132 F.2d 710, and the cases cited in the annotation 10 A.L.R.2d 1075 at pages 1079, 1080. Cases such as Marten v. Hess, 6 Cir., 176 F.2d 834, Deena Products Co. v. United Brick & Clay Workers of America, 6 Cir., 195 F.2d 612, certiorari denied 344 U.S. 822, 73 S.Ct. 21, 97 L.Ed. 640, and Randolph v. Randolph, 91 U.S.App.D.C. 170, 198 F.2d 956, are

distinguishable as referring to motions either not timely made or otherwise not the equivalent of the one filed here. See Morley v. United States, 6 Cir., 207 F.2d 654, pointing out the lack of timeliness of the motion for rehearing there.

The plaintiff's appeal is based on the contention that in the early morning of May 21, 1950, while on a trip as a third-class passenger from New York to Palermo, Sicily, and while ascending a staircase on the ship from C deck, where his cabin was, to the toilet facilities on B deck, he was suddenly struck from behind upon his head by an unidentified assailant and rendered unconscious. On these alleged facts he asserted negligence on the part of the ship in failing to furnish watchmen to protect passengers from assault. Defendant, on the other hand, while denying any negligence, contended that there was no assault and that plaintiff was seized with a fit of dizziness while ascending the staircase, and fell, striking his head. These conflicting issues were duly presented to the jury, together with the also conflicting testimony as to the nature of the care received by plaintiff after his injury. The jury, after an appropriate charge and apparent careful consideration of the issues, as shown by their questions on return for further instruction, then brought in the defendant's verdict from which the appeal is taken. The only error relied upon, since the trial was otherwise altogether appropriate, was the action of the judge in admitting in evidence an entry by the ship's doctor in what seems generally referred to as the doctor's "log" or "journal." This entry, the doctor testified, was made in the regular course of his employment while plaintiff was in the ship's hospital. It is in Italian, but the interpretation as agreed upon is the following, appearing after the date, May 21, 1950, and the plaintiff's name: "At 6.15, while returning to the cabin on Deck C (after having been in the toilet on Deck B) was caught by sudden dizziness and fell on the stairway, striking his head on the steps." There followed statements describing the head wound or cut and referring to a "Fairly accentuated or fairly pronounced shock." Overruling the plaintiff's vigorous objections the court admitted these statements as entries in the regular course of business made admissible by the Business Entries Statute, 28 U.S.C. § 1732.

■ Plaintiff now challenges this ruling on the basis of Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645, 144 A.L.R. 719. We need not stop to consider whether that case has been limited by later precedents, since the situation here is quite different. There the statement in controversy was made by the engineer who was alleged to have caused the accident in issue and was made after the event for the purpose of ensuing litigation. Here, however, is a timely entry made by a doctor whose job it was to make such entries, and its admissibility is settled by numerous precedents. Among these we may cite Tucker v. Loew's Theatre & Realty Corp., 2 Cir., 149 F.2d 677, 680 (citing earlier cases); Pekelis v. Transcontinental & Western Air, Inc., 2 Cir., 187 F.2d 122, 129–131, 23 A.L.R.2d 1349, certiorari denied Transcontinental & Western Air, Inc. v. Pekelis, 341 U.S. 951, 71 S.Ct. 1020, 95 L.Ed. 1374; Korte v. New York, N. H. & H. R. Co., 2 Cir., 191 F.2d 86, certiorari denied New York, N. H. & H. R. Co. v. Korte, 342 U.S. 868, 72 S.Ct. 108, 96 L.Ed. 652; and Landon v. United States, 2 Cir., 197 F.2d 128, 130. Plaintiff's claim that the entry was manufactured or doctored goes to weight and not admissibility, and was thoroughly aired at the trial.

In view of what appears thus to be its clear admissibility under the statute and the cases we do not need to consider other grounds urged by the defendant, such as that it was a ship's log admissible under the rule referred to in Lopoczyk v. Chester A. Poling, Inc., 2 Cir., 152 F.2d 457, and Naylor v. Isthmian S. S. Co., 2 Cir., 187 F.2d 538, that

it was merely cumulative of other adequate evidence, and that plaintiff waived his objection by agreeing to the interpretation as received in evidence.

Judgment affirmed.