**William KELLY**

v.

**PENNSYLVANIA RAILROAD COMPANY.**

No. 11689.

United States Court of Appeals Third Circuit.

Argued Oct. 3, 1955.

Decided Dec. 29, 1955.

---

728

Philip Price, Philadelphia, Pa. (F. Hastings Griffin, Jr., Philadelphia, Pa., Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., on the brief), for appellant.

B. Nathaniel Richter, Philadelphia, Pa., for appellee.

Before BIGGS, Chief Judge, and MARIS and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff has moved to dismiss an appeal by the defendant from a judgment entered in the district court upon a verdict in the plaintiff's favor rendered in an action brought under the Federal Employers' Liability Act, 45 U. S.C.A. § 51 et seq. The motion is made upon the ground that the judgment is not yet final and hence not appealable.

The judgment was entered on the verdict in the district court on November 24, 1954. Five days later the defendant filed its motions for judgment in its favor n.o.v. and for a new trial. The motions came on for argument in the district court on May 20, 1955 and on June 6, 1955 the district court entered its order denying the motion for judgment n.o.v. and dismissing the motion for a new trial. The latter action was stated to be upon the ground that the motion for a new trial had been abandoned by the defendant. Two days later the defendant filed a petition for re-

argument of its motion for a new trial, asserting that it had not abandoned the motion, and on June 16, 1955 the district court granted the defendant's petition for a reargument of its motion for a new trial.[1] We were informed at bar that reargument had not yet taken place. On June 28, 1955 the defendant filed in the district court its notice of appeal from the judgment which had been entered against it on November 24, 1954.

The plaintiff contends that the appeal thus taken by the defendant was premature since the defendant's timely motion for a new trial had been reinstated by the district court's order granting reargument and was pending and undetermined at the time the appeal was taken. We think that this contention is correct and that the appeal must, therefore, be dismissed.

Civil Procedure Rule 73(a), 28 U.S. C.A., provides in pertinent part:

"When an appeal is permitted by law from a district court to a court of appeals the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from * * *. The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subdivision commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: * * * denying a motion for a new trial under Rule 59."

■ It will thus be seen that the running of the time for taking an appeal from a judgment in a civil action is terminated by the making of a timely motion for a new trial and does not commence to run again until the motion has been denied. Rule 59(b) provides that a motion for a new trial shall be served not later than 10 days after the entry of the judgment. In the present case the motion was filed five days after the entry of judgment. There is no suggestion that it was not served at the same time. It was, therefore, clearly timely.

■■ The defendant, however, points to the fact that the motion was dismissed by the district court on June 6, 1955 and it argues that the time for appeal commenced to run again on that date and that the action of the district court in reinstating the motion and granting reargument of it was in violation of Rule 6(b) and did not operate to stop the running of the appeal period. We do not agree. On the contrary we have no doubt of the power of a district court, after denying or dismissing a motion for a new trial, to entertain an application for reargument of the motion and thereupon to reinstate the motion and order it to be reargued.[2] Moreover such action, if taken more than 10 days after the entry of judgment, does not violate the prohibition of Rule 6(b) against extending the time fixed by Rule 59(b) for serving a motion for a new trial. For an application for reargument of a prior motion for a new trial is not to be regarded as itself a motion for a new trial or even as a renewal of such a motion.[3] It is simply a request

---

1. On the same day the court ordered that execution or enforcement of the judgment be stayed until 10 days after "the final disposition of the issues raised by defendant's petition for reargument." We assume the court here meant the issues raised by the motion for a new trial since the issues raised by the petition for reargument would appear to have been disposed of when the petition was granted.

2. Dunagan v. Appalachian Power Co., 4 Cir., 1928, 29 F.2d 58, 59; Klein's Outlet v. Lipton, 2 Cir., 1950, 181 F.2d 713, 714, certiorari denied 340 U.S. 833, 71 S.Ct. 59, 95 L.Ed. 612; Nielsen v. Arabian American Oil Co., 5 Cir., 1953, 206 F.2d 391. See also Blaine v. Peters, 1952, 90 U.S.App.D.C. 207, 194 F.2d 887.

3. The suggestion to the contrary in Terrasi v. South Atlantic Lines, 2 Cir., 1955,

that the court reconsider its action upon the original motion. If the reargument is granted the original motion is heard anew upon the original papers just as if it had never previously been heard or determined.[4]

■■ It may be conceded that if the district court does not grant reargument of the motion for a new trial until after the time allowed for appeal by Rule 73(a) has run from the original denial of the motion the action of the court in subsequently doing so will not affect the appealable finality of the judgment originally entered. For the mere filing of an application for reargument of a motion for a new trial does not itself stop the running of the appeal period.[5] And the subsequent action of the court in again denying the motion for a new trial could not operate to stop the running of time which had already fully run. But if the court directs reargument of the motion for a new trial and thereby reinstates it within the appeal period the revived pendency of the original motion operates again to terminate the running of the time for appeal. In such case the appeal time will commence to run again and will be computed from the date of entry of the court's subsequent order denying the motion, if it is denied. Meanwhile the judgment which is the subject of the pending motion for a new trial must be regarded as lacking appealable finality.

■ In the case before us the district court directed reargument of the defendant's motion for a new trial [6] and thereby reinstated it within two days after the motion had been dismissed by it. As we have seen the original motion for a new trial was filed within the time limited by Rule 59(b). Having been reinstated for reargument it must still be regarded as having been so filed and must accordingly be given the effect of stopping the time for appeal while it remains pending and undetermined. Since the reinstated motion has not yet been denied by the court, the judgment appealed from must be regarded as still lacking appealable finality.

Accordingly the appeal will be dismissed.

BIGGS, Chief Judge (dissenting).

I think the judgment is an appealable one under Section 1291, Title 28 U.S.C., and that the decision of the majority is erroneous.

On November 24, 1954, the plaintiff secured a verdict against the defendant-appellant for $75,760. Under Rule 58, F.R.C.P., the clerk entered judgment forthwith on this verdict. On November 29, within ten days after the entry of judgment, the defendant-appellant made two timely motions, one for judgment n.o.v. under Rule 50(b), and another for a new trial under Rule 59(b). On June 6, 1955, the court below "dismissed" the motion for a new trial on the ground that it had been abandoned and denied the motion for judgment n. o.v. Two days later, on June 8, the defendant-appellant filed a petition for reargument. Eight days later, on June

---

4. 60 C.J.S., Motions and Orders, § 40.

5. Marten v. Hess, 6 Cir., 1949, 176 F.2d 834; Deena Products Co. v. United Brick & Clay Workers of America, 6 Cir., 1952, 195 F.2d 612; Randolph v. Randolph, 1952, 91 U.S.App.D.C. 170, 198 F.2d 956.

6. It will be noted that the defendant's petition for reargument did not raise new questions but merely called to the district court's attention the fact that it had not abandoned the motion for a new trial.

226 F.2d 823, must be regarded as obiter dictum since the original motion for a new trial in that case, being oral, could hardly be regarded as a proper motion for a new trial complying with Rule 59 (b). Fine v. Paramount Pictures, 7 Cir., 1950, 181 F.2d 300. Accordingly the motion for reargument of the motion for a new trial in the Terrasi case was the first proper motion which had been made in the case and, since it was filed within 10 days after the entry of judgment, it was quite properly held to stop the running of the time for appeal.

16, the court below granted reargument on the petition for a new trial and stayed enforcement of the judgment. On June 28, the defendant-appellant filed its notice of appeal.

Rule 6(b), as amended, provides that a United States district court " * * * may not extend the time for taking any action under rules * * * 50(b) * * * 59(b) * * * and 73(a) * * *, except to the extent and under the conditions stated in them." Rule 73(a) also was amended and provides precise limitations of time for the taking of appeals, naming specific rules under which motions made terminate the running of time for appeal. Rule 73(a) also provides that when the court denies a motion made under one of the rules so designated, the time for taking the appeal commences to run again. One of the rules named is Rule 59 and one of the motions which terminates the running of time for an appeal is a motion for a new trial. Rule 59(b) provides that "[a] motion for a new trial shall be served not later than 10 days after the entry of the judgment."

These amendments were designed to eliminate the uncertainties then attendant on the times for taking appeals and to limit the power of the trial court to enlarge the periods during which appeals could be taken, Rule 6(c) having done away with the so-called "End-of-Term" rule. See Committee Note of 1946 to Amended Rule 6(b), Moore's Federal Practice, Vol. 2, ¶ 6.01[6] (2d ed. 1948). Cf. our decisions in Green v. Reading Co., 3 Cir., 1950, 180 F.2d 149, 150, and Healy v. Pennsylvania R. Co., 3 Cir., 1950, 181 F.2d 934, 936.

Everyone agrees that the filing of the timely motions on November 29, 1954 stopped the running of the time for the taking of an appeal. There also seems to be an accord in the view that when the court below on June 6, 1955, dismissed the motion for a new trial and denied the motion for judgment n.o.v., the period of time for taking the appeal provided by Rule 73(a) started running again. At this point, however, comes disagreement. The defendant-appellant contends that, when the petition for reargument was granted, the order granting reargument did not terminate for a second time the running of the period for the taking of an appeal. Inherent in this view is, of course, the concept that the granting of reargument did not destroy the finality of the judgment. The plaintiff-appellee, on the other hand, insists that the petition for reargument was not the kind of a pleading (motion) at which Rule 6(b), read in the light of Rules 59(b) and 73(a), was aimed. This latter view, which the majority accept, is a controversion of those rules and, indeed, of the ordered plan created for the speedy disposition of business in United States district courts as required by Rule 1.

The majority ruling of this court rejects the defendant-appellant's conception of the operation of the rules referred to in totality. The majority states: "[W]e have no doubt of the power of a district court, after denying or dismissing a motion for a new trial, to entertain an application for reargument of the motion and thereupon to reinstate the motion and order it to be reargued." For this proposition, the majority cites several authorities. The first of these, Dunagan v. Appalachian Power Co., 4 Cir., 1928, 29 F.2d 58 was decided not only before the pertinent amendments to the Rules but almost a decade before the Rules themselves were adopted.[1] In Klein's Outlet v. Lipton, 2 Cir., 1950, 181 F.2d 713, the appeal was in fact dismissed, not as premature, but as too late. Moreover, that case involved a motion to reargue a bankruptcy

---

1. Professor Moore's comment on the case further points up its inaptness: "It should be noted that it is apparent from the opinion that the time in which to move originally for new trial at that time had not yet expired; nor in fact does it appear that any judgment was entered at all at that time." Moore's Federal Practice, Vol. 6, ¶ 59.13[3], n. 3 (2d ed. 1953)

decision, a first reconsideration,[2] and not a motion to reargue a motion for a new trial, a request for a second reconsideration of the judgment such as we have here.[3] Nielsen v. Arabian American Co., 5 Cir., 1953, 206 F.2d 391 concerned reconsideration of the denial of a motion to quash a summons and dismiss an action, an interlocutory and nonappealable order. Blaine v. Peters, 1952, 90 U.S.App.D.C. 207, 194 F.2d 887 held correctable under Rule 60(a) as a "clerical mistake" the inadvertent denial of motions for judgment n.o.v. and a new trial on the same day the motions were made. The cases cited do not support the majority's major premise.

The majority goes on to say, in substance, that the granting of reargument on a petition filed within ten days of the order of denial or dismissal of the motion does not violate the prohibition of Rule 6(b) against extending the time fixed by Rule 59(b) for serving a motion for a new trial; for, say the majority, "an application for reargument of a prior motion for a new trial is not to be regarded as itself a motion for a new trial or even as a renewal of such a motion. * * * If the reargument is granted the original motion is heard anew upon the original papers just as if it had never previously been heard or determined."

I think that this argument begs the question. It is true, as the majority points out, that Rule 59(b) provides that a motion for a new trial shall be served not later than ten days after the entry of the judgment and that the motion for a new trial here was served five days after entry of the judgment. The petition (motion) for reargument in literal view certainly is not one of the motions referred to in Rule 6(b), the time for which may not be extended by the district court. But to say, as does the majority, that the petition for reargument is not to be "regarded" as a motion for a new trial or the renewal of such a motion but only as a request that the court reconsider its prior unfavorable action seems an exercise in dialectics. It cannot be denied that the petition is a plea for reconsideration, but it is also the practical equivalent of a renewal of the motion for a new trial and the practical equivalent of a motion for a new trial. The fact that the petition is based on the original papers seems immaterial when one contemplates the result which the amendments to the rules were intended to effect, the speedy disposition of business. Compare National Farmers Union Auto. & Cas. Co. v. Wood, 10 Cir., 1953, 207 F.2d 659.

2. The court characterized the motion as "in effect, a second reargument" because the referee's report was argued and reargued before the district court rendered its decision.

3. The different effect of the two motions is noteworthy. A motion for rehearing in bankruptcy will not extend the appeal period unless the court entertains it. Klein's Outlet v. Lipton, supra, and cases cited therein. A motion for a new trial under Rule 59(b) automatically stops the running of the appeal time under Rule 73(a).

The relevance of a bankruptcy decision is questionable. See Committee Note of 1946 to Amended Rule 73(a), quoted in Moore's Federal Practice, Vol. 7, ¶ 73.01[5] at p. 3112 (2d ed. 1955) as follows: "In bankruptcy proceedings it is established that as the bankruptcy court has no terms it has the power at any time for good reason to revise its judgments or orders upon seasonable application and before rights have vested on the faith of its action. A motion so to do may be entertained even after the expiration of time for appeal, and such appeal time will start running anew upon the disposition of the motion. [citing cases]. In ordinary civil actions governed by the Federal Rules of Civil Procedure, however, the better view is that when the time limits prescribed in the rules expire, the court loses its jurisdiction to entertain a motion, as for new trial or for a rehearing or to vacate or amend, as the case may be, and cannot thereafter entertain such a motion and thereby start the appeal time running anew. Safeway Stores, Inc., v. Coe, 1943, [78 U.S.App.D.C. 19] 136 F.2d 771 [148 A.L.R. 782]; Jusino v. Morales & Tio, 1 Cir., 1944, 139 F.2d 946; Nealon v. Hill, 9 Cir., 1945, 149 F.2d 883; Norris v. Camp, 10 Cir., 1944, 144 F.2d 1."

In respect to this issue the Court of Appeals for the Second Circuit, by Chief Judge Clark, Reporter of the Advisory Committee on the Federal Rules of Civil Procedure, stated recently in Terrasi v. South Atlantic Lines, Inc., 1955, 226 F. 2d 823, 824: "A motion for reargument of a motion for a new trial is of course nothing but a motion for rehearing thereof, and thus in essence is itself but an application for a new trial under F. R. 59(a) * * *. Slater v. Peyser, 91 U.S.App.D.C. 314, 200 F.2d 360, 361. * * *. The very reasons which led the Advisory Committee to recommend the amended Rule 73(a) in the interest of clarity and to avoid confusion as to the proper time for appeal apply equally to this motion. Of course it must be timely made within 10 days [from the entry of judgment], as specified in F.R. 59(b), and thus in any event cannot delay the proceedings unduly." Since the motion for reargument in Terrasi had been made within the ten-day period, the court held that the running of the appeal period was stayed.

The majority "concedes" that "if the district court does not grant reargument of the motion for a new trial until after the time allowed for appeal by Rule 73 (a) has run from the original denial of the motion the action of the court in subsequently doing so will not affect the appealable finality of the judgment originally entered. For the mere filing of an application for reargument of a motion for a new trial does not itself stop the running of the appeal period.⁵" Inherent in the cases cited in footnote 5 of the majority opinion is the principle that the district court does not have jurisdiction to entertain a motion to reconsider denial of the motion for a new trial, at least when the motion to reconsider is made more than ten days after entry of judgment. Cf. for example, Marten v. Hess, 6 Cir., 1949, 176 F.2d 834, 835, in which it is stated: "A mo-

tion for rehearing of a motion to set aside verdict and judgment, and a motion for rehearing of a motion for a new trial are not motions that extend the time for appealing or affect the finality of the judgment under Rule 73." Cf. also Randolph v. Randolph, 1952, 91 U.S. App.D.C. 170, 198 F.2d 956, and Deena Products Co. v. United Brick & Clay Workers of America, 6 Cir., 1952, 195 F.2d 612, certiorari denied 344 U.S. 822, 73 S.Ct. 21, 97 L.Ed. 640. If my interpretation of these decisions be correct, there is no need to discuss the majority's conclusion that, if the district court grants, within the appeal period, reargument of the motion for a new trial, "the revived pendency of the original motion operates again to terminate the running of the time for appeal."

The theoretical conflict between the cases just cited and Terrasi v. South Atlantic Lines, Inc., supra, is of no importance here. Terrasi presents the rare case where the motion to reconsider itself is made within ten days of the entry of judgment.⁴ When the motion to reconsider is not made within the ten-day period, it would seem that both the Second Circuit following Terrasi and the Sixth Circuit following Marten v. Hess would agree that the motion would have no effect on the appeal period.

The substantial question presented for our determination is whether the court below, some six months after entry of judgment, had the power to reconsider its dismissal of the motion for a new trial. That such a course lay within the power of the district court prior to the amendments to the Rules is indubitable. See our decisions in Green v. Reading Co. and Healy v. Pennsylvania R. Co., supra. It was a reasonable thing, I think, to give to a trial court an opportunity to correct a decision if it was of the view that it had committed error. But the Rules are made by the Supreme

Court, and we may not revise them here. Because a trial court's reconsideration of their denials of such motions, considerable delay in appeals had been encountered, particularly in the field of bankruptcy law. Moore makes it plain in his comment on Revised Rule 73(a) what he thought the Advisory Committee was getting away from. That was uncertainty as to finality in respect to the appeal period. He said, "In establishing this [new] principle, the Advisory Committee consciously avoided the rule established in bankruptcy proceedings. * * " [5]

The cases solidly support the view that, by the time the district court "dismissed" the motion for a new trial in the case at bar, that court had lost jurisdiction to consider the matter further. The ten days within which the defendant-appellant could move for a new trial were the ten days immediately following "the entry of judgment" on November 24, 1954. There is no provision in the Rules for another ten-day period following the denial of the motion for a new trial. The situation is unlike that under Rule 73 (a) where the appeal time begins to run a second time upon the denial of such a motion. Terrasi v. South Atlantic Lines, Inc., supra; Marten v. Hess, supra; Moore's Federal Practice, Vol. 6, ¶¶ 59.-09[1], 59.13[1], 59.13[3] (2d ed. 1953). Cf. Randolph v. Randolph, supra, so holding with regard to Rule 59(e). See also National Farmers Union Auto. & Cas. Co. v. Wood, supra; Bergeron v. Mansour, 1 Cir., 1945, 152 F.2d 27; Safeway Stores v. Coe, 1943, 78 U.S.App. D.C. 19, 136 F.2d 771; William Goldman Theatres v. Loew's, D.C.E.D.Pa.1949, 83 F.Supp. 455. The majority position would permit a trial judge, by "entertaining" numerous motions to reconsider denials of previous motions, to extend the time for taking an appeal almost indefinitely. Such a result flies in the face of the clear language and intent of Rules 6(b), 59(b) and 73(a).

Blaine v. Peters, supra, presents the only exception I have found to this in-

flexible rule. There the trial judge inadvertently denied motions for a judgment n.o.v. and for a new trial on the same day they were made. The Court of Appeals held that this error could be corrected later than ten days after entry of the original judgment as a "clerical mistake" under Rule 60(a). However, I do not see how the trial judge's "dismissal" of the motion for a new trial in the instant case can be categorized as either a "clerical mistake" under Rule 60 (a) or a mistake of "a party or his legal representative" under Rule 60(b). Cf. Safeway Stores v. Coe, supra; Gray v. Dukedom Bank, 6 Cir., 1954, 216 F.2d 108.

The judgment appealed from was final on June 6, 1955. The appeal should not be dismissed.

---

5. Moore's Federal Practice, Vol. 7, ¶73.09[4] at p. 3143 (2d ed. 1955). See also note 3, supra.