Mildred A. McLEARN, Plaintiff,

v.

COWEN & CO., Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Barrett Siniwitz and Leonard Fuchs, Individually, Defendants.

No. 75 Civ. 1563 (CMM).

United States District Court,
S. D. New York.

Jan. 21, 1981.

Saxe, Bacon & Bolan, New York City, for plaintiff; Roy M. Cohn, John A. Kiser, New York City, of counsel.

Willkie, Farr & Gallagher, New York City, for defendant Cowen & Co.; Robert J. Kheel, New York City, of counsel.

Brown, Wood, Ivey, Mitchell & Petty, New York City, for defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated; Roger J. Hawke, New York City, of counsel.

METZNER, District Judge:

Plaintiff seeks an order amending an order dated January 12, 1976, to indicate that the dismissal of any common law claims alleged in the amended complaint was not on the merits. Fed.R.Civ.P. 60(a). That complaint had been dismissed for failure to comply with Rule 9(b), Fed.R.Civ.P.

The original complaint alleged that jurisdiction and venue in the action was predicated on Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and the Investment Advisers Act of 1940, 15 U.S.C. § 80b–5. There are no allegations concerning pendent jurisdiction for any alleged common law claims.

The complaint was 39 pages long and consisted of 8 counts and 103 allegations. Defendants' motion to dismiss for failure to allege fraud with sufficient particularity as required by Rule 9(b) was granted on July 30, 1975, with leave to replead within 20 days.

Plaintiff filed an amended complaint containing the same jurisdictional allegations which again was subject to a motion to dismiss for failure to allege fraud with sufficient particularity. The opinion of the court dated January 12, 1976, pointed out that the amended complaint failed to correct the original deficiencies. Although there were allegations of "failure to exercise prudent judgment," and "acting in bad faith," each made in relation to claims of fraud, they were not factually sufficient to satisfy the rule. Therefore, the complaint had to be dismissed. The Court of Appeals affirmed this ruling on May 27, 1976, 2 Cir., 538 F.2d 311.

Subsequently, plaintiff requested permission to replead a second time. In an opinion dated November 8, 1976, this court denied the motion. This court lacked authority to grant the request because the Court of

Appeals did not remand the action with a direction to permit plaintiff to replead. On February 25, 1977, the Court of Appeals refused plaintiff's request to amend its judgment to permit repleading. A final judgment dismissing the complaint on the merits terminated the action. Rule 41(b), Fed.R.Civ.P.

I have reviewed the papers submitted by plaintiff in support of its various motions in this court. Nowhere did the plaintiff seek to have any possible common law claims treated differently from federal claims.

Counts 2, 5 and 7 of the amended complaint allege that the defendants are being charged with a conspiracy to defraud and deceive the plaintiff. In each count there is an allegation which sets forth acts committed in furtherance of the conspiracy and concludes by stating that the conduct was "in violation of the Constitution and Rule of the New York Stock Exchange, the Investment Advisors Act [sic] and the Security Exchange Act of 1934 [sic], and in violation of the common law standards of fiduciary responsibility." (Paragraphs 28, 69 and 87, respectively.)

Counts 1, 4 and 6, in addition to containing the same language quoted above (Paragraphs 18, 59 and 77, respectively), have concluding language in Paragraphs 23, 64 and 82, respectively, as follows: "The actions of the defendants aforementioned were illegal, prohibitive and in violation of the Investment Advisors Act [sic] and the Securities Act of 1934 [sic]."

Finally, Counts 3 and 8 contain a mixture of alleged fraudulent actions consisting of violations of the Securities Exchange Act of 1934 and standards of fiduciary responsibility. For example, Paragraphs 32 and 92, respectively, speak of representations communicated to the plaintiff through "the use of the United States Mail and Interstate telephone and interstate commerce," for the purpose of consummating schemes and business fraud on the plaintiff. This language is a partial tracking of Rule 10b-5. However, the counts conclude in Paragraphs 52 and 102, respectively, that the alleged conduct contained in each count "is a breach of the common law standards of fiduciary responsibility in any court of competent jurisdiction."

Plaintiff's moving papers speak only of Count 3 as alleging a common law claim for breach of fiduciary duty. As pointed out above, Count 8 makes a similar claim. While there is also language of breach of common law fiduciary duty in the other six counts, I take counsel's failure to refer to them as a recognition that they essentially state federal claims.

Rule 60(a) provides that the court may at any time correct "clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission." The claim advanced in the instant motion does not concern itself with an error arising from oversight or omission. In this regard it differs from *Blaine v. Peters*, 194 F.2d 887 (D.C.Cir.1952). In that case the Court of Appeals, relying on Rule 60(a), sustained an action by the district court setting aside the denial of a motion for a new trial and granting the motion because the court said that it had "inadvertently" denied the motion.

The movant requests that I set "forth whether the Court, by said order, intended to dismiss, on the merits, any claims which plaintiff might have against defendants other than for" violations of federal law.

I am not in a position at this time to remember what went through my mind five years ago, with the intervening problems of hundreds upon hundreds of matters. In effect, plaintiff is asking that I look at the record today and render an opinion as to what I would have done if the question had been put to me in 1976. Rule 60(a) cannot serve such a purpose. It should be restricted to error or oversight which would not change the substantive rights of the parties except in the unusual circumstance of the *Blaine* case, *supra*. I fully appreciate that other avenues, such as reargument or Rule 60(b) relief, normally available to parties, are foreclosed to this plaintiff because of time limitations. However, the absence of a time limitation in Rule 60(a) for making the motion is the very reason for limiting

its scope. Defendants should not be faced with the prospect of defending a lawsuit which they thought was put to rest five years ago.

The speculation that would be necessary to grant this motion should not be engaged in. While plaintiff argues that dismissal of federal claims by motion on the merits before trial usually results in dismissal of pendent claims for lack of jurisdiction, there is another side to the coin. It could be argued that this court did not "inadvertently" fail to dismiss any possible pendent claims for lack of jurisdiction. All of the claims contained allegations of fraud, and whether the fraud resulted in a violation of federal law or common law would make no difference when considering a claim that the pleading did not comport with the requirements of Rule 9(b). Thus, the complaint was properly dismissed on the merits.

Finally, I should point out that the Court of Appeals not only affirmed the dismissal of the complaint which, pursuant to Rule 41(b), was on the merits, but denied an application for permission to further amend the complaint. These actions further preclude the district court from granting the application since it would result in changing an order of the appellate court.

Motion denied.

So ordered.