HEIRS OF FRANCISCO ROSARIO, ETC., Plaintiffs and Appellees, *v.* HEIRS OF MONSERRATE CORTIJO, ETC., Defendants and Appellants.

No. 12363. Decided October 6, 1961.

*Brown, Newsom & Córdova; Fiddler, González, Guillemard* and
*Rodríguez; R. Martínez Álvarez, Jr.* and *Francisco Abréu
Castillo* for appellants. *Luis R. Colón Martínez* for ap-
pellees.

Division composed of Mr. Justice Hernández Matos, as Chief
Judge of Division, and Mr. Justice Blanco Lugo and Mr.
Justice Dávila.

MR. JUSTICE BLANCO LUGO delivered de opinion of the Court.

In January 1951, there was brought in the Superior
Court, San Juan Part, an action in the nature of revendi-
cation by some 49 plaintiffs who were members of certain
successions, whose common predecessor was Francisco Ro-
sario. There were joined as defendants some 45 persons,
also members of different successions. After certain pre-
liminary proceedings, on February 24, 1954 an order was
entered authorizing the summons by edicts of a con-
siderable number of defendants who could not have been sum-
moned personally. On the following May 4 a pretrial con-
ference was held between the parties, as a result of which
the plaintiff was granted a period of 10 days to commence the
publication of the edicts. The corresponding order was
notified on May 10.

On November 8, and pursuant to the provisions of Rule 11 of the Rules of Administration for the Court of First Instance,[1] the Administrative Judge of that Court issued an order requiring the parties to state within a period of 10 days the reasons why the action should not be dismissed, it appearing from the record that during the past six months no action had been taken by either party. It is to be noted that by this date there had not expired six months, counted as of the notice of the order granting a ten-day period to commence the publication of the edicts.

On November 26, 1954, judgment was rendered dismissing the action, inasmuch as the parties did not appear to show cause for their inaction.

On February 24, 1955, the plaintiff moved to vacate the judgment by means of a verified motion alleging, among other things, the following facts:

"The plaintiffs were publishing the edicts ordered by this court during the period granted therefor, as evidenced by the fact that the notice or edicts in this case were published in El Imparcial in May and June 1954, in its editions of May 2, 9, 16, and 23 and June 1, 1954.

"The plaintiffs in this case are insolvent and have no funds or means, and in order to pay $64, which is the cost of publication of the edicts, they were compelled to wait until February 1955, when they were able to obtain the money by a loan made by the plaintiff, or one of the plaintiffs, Aurelia Rosario Cortijo."

To this motion was attached a statement by the managing

---

[1] Rule 11 *supra* (4 L.P.R.A., App. II, R. 11, p. 958) provides that:

"The Administrative Judge shall dismiss all civil causes which have been pending for more than six months without any proceeding having been taken therein by any of the parties, unless good cause for such inactivity is duly shown. Motions for a continuance or an extension of time shall not be considered a proceeding for purposes of this rule.

"During the first five days of each month the Administrative Judge shall order the parties in all such matters to show cause in writing within ten days after notice by the Secretary why the said matters should not be dismissed."

editor of the newspaper El Imparcial, which is published in this city, attesting to the fact that the edicts had appeared in the editions of that paper corresponding to May 2, 9, 16, and 23 and June 1, 1954. At the time of the hearing of this motion the attorney for the plaintiff had withdrawn from the case. Despite this fact and the fact that the corresponding hearing was apparently held without the appearance of the plaintiff or of his legal representative, the court denied the motion. Notice of this order was served on the withdrawing attorney despite the fact that the letter of withdrawal already appeared in the record.

On July 23, 1957, one of the plaintiffs appeared personally and filed a motion for "reinstatement" of the action. After several proceedings were had, an order was finally entered on October 30, 1957 setting aside the dismissal judgment. Some of the defendants appealed from this order.

After making an analysis of the facts, the trial court stated that:

"On May 4, 1954, after setting the hearing of a pretrial conference, a period of 10 days was granted to the plaintiffs to commence the publication of the edicts for the purpose of summoning many of the defendants, pursuant to the order of the court of February 24, 1954. Apart from the documents which were attached after judgment was rendered, the first edict could have been published on May 14, 1954. The period comprising the month of their publication, once a week, and the 40 days granted to the defendants to appear after the last edict, extended up to July 23, 1954. The plaintiffs could not take any action, that is, they could not move for entry of the default of the defendants in the event they failed to appear, and for the setting of the case, for at least until the latter date, July 23, 1954. Obviously, the six months' period required by Rule 11 had not expired between July 23 and November 26, 1954, the date judgment was rendered. It also appears from the documents which were attached to the record subsequent to the judgment that the edicts were published on May 2, 9, 16, and 23 and June 1, 1954. The defendants had 40 days to appear, namely, until July 12, 1954; and in default thereof the plaintiffs

could not seek relief against them until this date. Nor did a period of six months elapse between July 12 and November 26, 1954.

"Since the power of the Administrative Judge to enter a dismissal judgment is derived solely and exclusively from Rule 11 of Administration for the Court of First Instance, such judgment rendered before the six months' period of inactivity had expired is void per se and we so hold. We need not therefore discuss the operation of the subsequent order of Judge Abraham Díaz González refusing to vacate the judgment, which is nonexistent."

The appellants insist that the motion for reinstatement of the case should have been denied outright because it was filed after the expiration of the six month's period provided by Rule 60(b) of the Rules of Civil Procedure of 1943, and, further, that the conclusion of the trial court on the nullity of the judgment is erroneous, since such nullity does not appear from the face of the record as the record itself showed on the date judgment was rendered.

It can not be denied that under the provisions of the former Rule 60(b) of Civil Procedure, the motion to vacate the judgment founded on mistake, inadvertence, surprise or excusable neglect should have been made within a period of six months after entry of the judgment. *Great Am. Ins. Co.* v. *District Court*, 67 P.R.R. 529 (1947); *People* v. *632 Sq. Meters of Land*, 74 P.R.R. 897 (1953); *Gerena* v. *Superior Court*, 79 P.R.R. 528 (1956). However, that period was not applicable where the ground adduced for seeking such relief was fraud, *cf. Martínez* v. *Superior Court, ante,* p. 345, or the nullity of the judgment. It was so construed in California, whose § 473 of the Code of Civil Procedure, equivalent to § 140 of our former Code of Civil Procedure (32 L.P.R.A. § 725), served as a pattern to Federal Rule 60(b), *Roca* v. *Thomson*, 77 P.R.R. 396 (1954); *Martínez* v. *Superior Court, supra;* 7 Moore, Federal Practice

23 (2d ed.). Regarding the power of a court to correct its judgments, it was said in *Olivera* v. *Grace*, 122 P.2d 564, 566 (1942), that "Apart from statutory authority, all courts are said to have an inherent power to correct their records so as to make them speak the truth, and under this inherent power courts have frequently corrected their final judgments when, because of clerical errors or omissions, the judgments actually rendered were not the judgments intended to be rendered... Similarly, a court has inherent power, apart from statute, to correct its records by vacating a judgment which is void on its face ..." See *Alcázar* v. *District Court*, 67 P.R.R. 680 (1947); *People* v. *632 Sq. Meters of Land, supra; Iturriaga* v. *Fernández*, 78 P.R.R. 29, 35 (1955); 29 Cal. Jur. 2d 144, § 189 *et seq.* On the nullity of the judgment rendered on November 26, 1954, compare *Rey Realty Corporation* v. *Osorio*, 81 P.R.R. 845 (1960).

■ However, we do not find it necessary to consider these questions. The action of the trial court whose review is sought by the appellant is warranted as an exercise of the power granted by Rule 60(a) of 1943, which provided that "Clerical mistakes in *judgments*, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court *at any time* of its own initiative, or on the motion of any party and after notice." (Italics ours.) Under the provisions of the corresponding federal rule, the courts did not confine themselves to considering within their province under this rule mere formal errors, but that as a result of "the unduly restrictive provisions of Rule 60(b) with respect to the correction of substantial errors," the meaning and application of Rule 60(a) was expanded "beyond its apparent meaning." There is no necessity at present for this construction in view of the fact that Rule 49.2

was substantially enlarged in 1958, and other grounds for seeking relief from the operation of a judgment were added.[2] 6 Moore, Federal Practice 4042–52 (2d ed.) ; *cf. Blaine* v. *Peters,* 194 F.2d 887 (C.A.D.C. 1952) ; *Bucy* v. *Nevada Construction Co.,* 125 F.2d 213 (C.C.A. 9, 1942).

■ The inadvertence of the court in entering the order to show cause on November 8, 1954, is explainable, since the action required of the plaintiff—publication of edicts—did not necessarily have to appear from the record. Moreover, this proceeding of dismissal for lack of prosecution is not generally preceded by a close examination of the record, but is rather an administrative action of the clerk which is performed more or less mechanically. It is advisable for the courts to eliminate from their congested calendars those suits which have not been actually prosecuted. But, since in general terms a dismissal judgment has the authority of res judicata,[3] it is necessary to exercise great care in the entire dismissal proceeding.

The order issued by the Superior Court, San Juan Part, on October 30, 1957, will be affirmed.

---

[2] Under the provisions of Rule 49.2 the following grounds for a motion for relief have been incorporated:

"(2) Newly discovered essential evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 48;

"(3) Fraud (whether heretofore denominated intrinsic and also that denominated extrinsic), misrepresentation, or other misconduct of an adverse party;

"(4) The judgment is void;

"(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

"(6) Any other reason justifying relief from the operation of the judgment.

"The provisions of this rule do not apply to judgments in divorce suits, unless the motion is based on reasons (3) or (4)."

[3] Rule 41(b) of the Rules of Civil Procedure of 1958; *Pérez* v. *Bauzá,* 83 P.R.R. 213; *Bolker* v. *Superior Court,* 82 P.R.R. 785 (1961).